NOVEMBER TERM, 1868.     359

The Board of Commissioners of Bartholomew County v. Boynton and Another.

THE BOARD OF COMMISSIONERS OF BARTHOLOMEW COUNTY *v.* BOYNTON and Another.

POOR.—*Physicians for.*—The authority of the board of county commissioners under sec. 8, 1 G. & H. 64, to contract with physicians to attend upon the poor generally in the county includes the power to make the contract with one only, if the board, in the exercise of a reasonable discretion, shall deem this sufficient.

SAME.—If sufficient provision has been made by the board of commissioners, a township trustee has no authority to employ medical or surgical services for paupers within his township.

*APPEAL* from the Bartholomew Circuit Court.

RAY, C. J.—Action against the Board of Commissioners for services rendered to a pauper. The averments are as follows:—" Alonzo G. Boynton and Dubois Hawley, partners as Boynton & Hawley, complain of the Board of Commissioners of Bartholomew county and say, the defendant is indebted to plaintiffs in the sum of thirty-eight dollars for medical services rendered to one Samuel P. Taggart, a pauper of Sand Creek township in said county, on the order of John Newson, Trustee of said township, a bill of particulars of which is filed herewith. Plaintiffs aver that during all the time of the rendition of said services said defendant had not contracted with physicians to attend upon the poor generally in said county, and had not contracted with a physican to attend upon the poor of said township. Plaintiffs demand payment for $38.00."

The appellant filed a demurrer to the complaint for the reason it does not state facts sufficient to constitute a cause of action, which being submitted to the court was overruled, to which the appellant excepted at the time.

There is nothing in the demurrer. The trustee was authorized to contract, where no provision was made for the poor of his township. *Proviso* to sec. 8, p. 64, 1 G. & H. An answer was filed, as follows:—

" The defendant for answer to the plaintiffs' complaint says: that at the time of said pretended service to said Samuel

P. Taggart, as set forth in said complaint, he was an inhabitant and resident of Sand Creek township in said county of Bartholomew; that at the time said medical service was rendered, and at the time of the plaintiffs' employment therefor, there was a poor-house of said county, duly constructed and provided with a superintendent therefor employed by said county, for the reception and care of all the poor of said Bartholomew county; that at said time Doctor John B. Groves, who is a skillful physician, having a knowledge of surgery, was the physician of said poor-asylum, and of the jail of said county, with whom the defendant, on the —— day of March, 1867, had entered into a contract to attend upon and render all medical and surgical aid to all persons confined in the jail of said county and paupers in said county asylum, from said date, for the time of one year, for a consideration paid to him by defendant; that said Groves at said time of said pretended service rendered by plaintiffs, and of their said employment therefor by the said trustee, was at all times ready and willing to do and perform any and all duty within his said employment, of which plaintiffs and said trustee of Sand Creek township well knew; that at the time of the employment of plaintiffs by said trustee and the rendition of said medical services by them, Doctor Solomon Davis, who is a resident of Bartholomew county, and who is a competent and skillful physician, having a knowledge of surgery, was the physician of said county to attend upon and render all necessary medical and surgical aid to the poor generally therein outside of the poor-asylum and county jail; that on the —— day of ——, 1867, the defendant made and entered into a contract with said Davis wherein he agreed and was required by said contract for a consideration paid by defendant, to attend upon and to give and render all necessary medical and surgical aid and assistance to all the poor generally of Bartholomew, in each and every township of said county outside of the jail and asylum thereof, for the time of one year from said date, and gave bond to the defend-

ant for the honest and faithful performance of his duties under said contract as aforesaid, with good and sufficient surety to the approval of defendant; that at the time of said pretended employment of plaintiffs by said trustee, and the rendition of said medical aid and service by them, said Doctor Davis was the physician of said county, as aforesaid, and was willing to attend upon and render and give all necessary medical and surgical aid and assistance to any and all the poor generally of said county in each and every township thereof; and especially was he ready and willing and able to attend upon and give and render to said Samuel P. Taggart, the party on whom said plaintiffs attended, all necessary medical aid, as required by his said contract with defendants, if he had been notified that his services as physician as aforesaid were required; of all which plaintiffs and said trustee well knew; that in said case said Davis had no notice, and his services were at no time required; that Doctor Davis resides at Columbus, the county seat of said county, and easily accessible to any portion thereof; and one physician is able to attend upon all the poor of said county outside of the poor-house and county jail; and especially has said Davis at all times been ready and willing, able and sufficient for said purpose for which he was employed; and defendant demands judgment."

Appellees filed a demurrer to the answer for the cause that the same does not state facts sufficient to constitute a defense to the action, which being submitted to the court was sustained, to which appellant excepted at the time; and appellant abiding by the answer and refusing to answer further, judgment was entered against appellant for the amount of appellees' claim.

Section 8, 1 G. & H. 64, is as follows: "It is hereby specially made the duty of such board to contract with one or more skillful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum, and may also contract with physicians to attend upon the poor generally in the county, and no

claim of a physician or surgeon for such services shall be allowed by such board, except in pursuance of the terms of such contract; provided that the foregoing section shall not be so construed as to prevent the overseers of the poor, or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his or their jurisdiction may require."

The authority to contract with physicians certainly includes the power to make the contract with one, if the board shall, in the exercise of a reasonable discretion, deem that contract sufficient. The answer avers that in this case it was ample; and as the trustee is only authorized to employ in the event the commissioners fail to do so, and such failure is here denied, the answer shows a want of power to make the employment. It is of course impossible for us to judge of the wants of the county in this matter, and as an issue was tendered, the proper place to try that issue as a matter of fact and not of law, was the court below. The demurrer should have been overruled.

The judgment is reversed, with costs.

*F. T. Hord*, for appellant.

*R. Hill* and *G. W. Richardson*, for appellees.