No. 10,067.

## BOARD OF COMMISSIONERS OF ORANGE COUNTY v. HON.

PLEADING.—*Statement of Claim Before Board of Commissioners.*—In the statement of a claim to be allowed by a board of county commissioners, enough must be alleged to show that the county is liable for the payment of the demand.

SAME.—*Practice.*—*Amendment on Appeal.*—Under the statute all claims against a county must be presented for allowance to the board of commissioners. The remedy for refusal to allow is by appeal. The statement of the claim, if defective, may be amended on the appeal.

BOARD OF COMMISSIONERS.—*Township Trustee.*—*Physician for the Poor.*—A township trustee may employ a physician for the poor of his township only in case of the failure of the county board to do so.

SAME.—*Agency.*—*Burden of Proof.*—The employment of a physician by a trustee to treat a poor person is not proof nor evidence of his right to make the employment. The failure of the county board to employ must be shown before the trustee can act. *Commissioners, etc.,* v. *Holman,* 34 Ind. 256, distinguished.

SAME.—*Power of Township Trustee.*—When, by failure of the county board to employ a physician for the poor of a township, the power of the trustee arises, his decision *in respect to a matter within his discretion is* conclusive; but he can not, by assuming power, acquire it.

PRACTICE.—*Right of Trial by Jury when County a Party.*—*Change of Venue.*—The court can not deny to a county defending against a claim a right of trial by jury because the claimant challenges the householders of the county as interested, and because the county refuses to ask a change of venue. *Board, etc.,* v. *Loeb,* 68 Ind. 29, distinguished.

From the Orange Circuit Court.

*W. Farrell,* for appellant.

*W. H. Martin,* for appellee.

WOODS, C. J.—The appellee filed before the board of commissioners of Orange county the following statement of a claim, to wit: 。

"No. 3.                                    March 28th, 1881.

"To Dr. Benton J. Hon: You are hereby authorized to render the necessary medical attention to Solomon Sweeny at the prices fixed by the board of county commissioners.

"JOHN O. ELROD, Trustee Orleans Township.

"ORLEANS, IND., June 6th, 1881.

"ORANGE COUNTY, Dr.     To BENTON J. HON.

"Medical attention rendered Solomon Sweeny, as per rendered statement below, $20."

(Itemized statement omitted.)   Signed and verified.

The commissioners rejected the claim, and in the circuit court, to which the claimant appealed, demurred to the complaint, for want of facts sufficient to constitute a cause of action.   Our conclusion is that the demurrer should have been sustained. Strict formality and technical accuracy in the statement of a claim presented to a board of commissioners for allowance is not required; but enough must be alleged to show, by fair intendment at least, that the county is liable for the payment of the demand, else the board may properly reject it without inquiry into the facts on which it is predicated.

All claims against a county must be presented to the county board.   R. S. 1881, section 5758.   No other tribunal has original jurisdiction, and if the claim be not allowed, the remedy is by appeal alone; and inasmuch as the proceedings on appeal must be had on the statement of the demand presented to the board, it ought to contain the substantial requisites of a complaint. If defective, it may, of course, be amended. In cases wherein ordinarily a demand would be necessary before bringing an action, the presentation of the claim for allowance would be sufficient, and no averment or proof of a prior demand would be necessary.   *Board, etc.,* v. *Miller, ante,* p. 257; *Trimble* v. *Pollock,* 77 Ind. 576.

By section 5764 of R. S. 1881, it is made the duty of

the county board to contract with one or more physicians to attend upon all prisoners in jail or paupers in the county asylum, and such board " may also contract with physicians to attend upon the poor generally in the county ; and no claim of a physician or surgeon, for such services, shall be allowed by such board except in pursuance of the terms of such contract : *Provided,* That this section shall not be so construed as to prevent the overseers of the poor, or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his or their jurisdiction may require."

The township trustee is the lawful overseer of the poor of his township, and is enjoined to see that they are properly relieved and cared for in the manner required by law. R. S. 1881, sections 5994, 6071.

In the case of *Board, etc.,* v. *Boynton,* 30 Ind. 359, it was held, and as we think correctly, that, under these provisions of the law, the trustee has power to employ physicians only in the event the commissioners fail to do so. Outside of these provisions there can be no liability of the county for the services of physicians or surgeons. The general rule is that one who seeks to hold a principal for the acts or contracts of an agent must allege and prove the agent's authority to do the act or to make the particular contract. The authority of a public agent, so far as defined by law, need not be averred, as the courts must take notice of the law ; but where, by the terms of the law, certain facts or conditions must exist in order to confer or invoke the authority of a particular agent to act in the particular case, the facts or conditions must be averred by him whose right of action depends on such authority.

The complaint before us is defective in many particulars ; it contains no allegation that the order attached to the statement of the claim is made a part of the statement ; nor that the order was made by any one ; nor that the person, if there was one, whose name was signed to it, was at the time the trustee

of the township; nor that the services were rendered in pursuance of the order or employment of such trustee; nor that the individual treated was a poor person; nor that the county had not employed a physician, who was ready to perform the service.

It is claimed upon the authority of the case of *Commissioners, etc.,* v. *Holman,* 34 Ind. 256, that the employment of the appellee by the township trustee is conclusive upon the county; but in this complaint it is not alleged that the appellee was employed by the township trustee; besides, the case cited decides only that the decision of the trustee was final in respect " to the necessities of the persons relieved;" that is, that they were poor persons, and needed treatment; but the decision can not be carried to the extent of saying that the trustee may decide that the county board has not employed a physician for his township, therefore he has power to employ physicians for the treatment of particular cases. When, by failure of the board to employ a physician, the power of the trustee arises, his decision in respect to matters within his discretion should be conclusive; but he can not, in the absence of the conditions on which he is authorized to act, by assuming power acquire it.

The record presents another question which is of practical importance, and, in the event of another trial, may arise again in this case, and that is, whether or not the court erred in refusing a jury trial at the demand of the appellant. The record shows that upon the request of the appellant for a jury trial, the jury was called and the panel filled with householders and voters of the county, all qualified to serve as jurors except that they were resident taxpayers, and to that extent interested in the result of the suit. Thereupon the appellee challenged each juror for that cause; the court allowed the challenge, and caused the panel to be filled a second time, when the plaintiff repeated his challenge, which the court sustained, and, over the objection and exception of the appellant, pro-

ceeded to hear and determine the cause without the aid of a jury. It is claimed that this action is supported by the decision made in the case of *Board, etc.*, v. *Loeb*, 68 Ind. 29; but in that case it was the party which demanded a jury trial that insisted upon the technical disqualification of every juror called into the box, and, besides, gave notice that the same objection would be made to any jurors which might be called; and thereupon the court notified the party that if a change of venue were not moved for the cause would be set down for trial without a jury; and the defendant having refused to ask the change, the court tried the cause, and the action was upheld.

This case is different, and so essentially different that we are not willing to declare it within the ruling cited. The appellant was entitled to a jury trial; it was a constitutional right; R. S. 1881, section 65; and it did nothing to forfeit the right. It was not bound to ask a change of venue; and if the appellee deemed the jurors of the county disqualified on account of their interest in the result of the action, he should have applied for the necessary change. Indeed, in the case cited, the plaintiff might have taken the same course, and it is difficult to see why, on principle, the defendant, by insisting on the right of challenge, should have been held to the necessity of asking a change of venue, in order to be entitled to another right which is unconditionally guaranteed by the fundamental law. If either right could properly have been denied, it would seem more reasonably to have been the right of challenge, with the exercise of which the demand for a jury was inconsistent.

Judgment reversed, with instructions to sustain the demurrer to the complaint.