Filed May 24, 1892.

---

No. 481.

## The Board of Commissioners of Warren County v. Osburn.

County.—*Liability of for Services Rendered to Poor.—Names of not in " Poor Book."*—The liability of a county to pay for services rendered paupers of the county does not depend upon the question whether the trustee of the township wherein they reside has entered their names in the " poor book " of the township. Section 6075, R. S. 1881.

Same.—*" Poor Person."—Definition of.*—The phrase " poor person," as used in the statute, is applicable to those persons who may rightfully claim alms from the public bounty; and the meaning is the same as that of a " pauper" or " indigent person."

Same.—*Pleading.—Averment that the Services were Rendered for " Poor Persons" at Request of Trustee.*—An averment in a complaint in an action for services rendered by a physician in attending the poor of the county, that those treated were " poor persons," is sufficient to show that they were public charges; and an averment that the p `tiff was employed by the proper township trustee to treat them as poor persons shows a sufficient determination by the trustee that they were objects of charity.

Same.—*Decision of Trustee to Give Aid.—Finality of.*—The determination of a township trustee that a certain person of his township is entitled to public aid is final and conclusive.

Same.—*Trustees Agents of County.*—In the administration of public charity the township trustees are agents of the county for that purpose.

Same.—*Providing Physician for Poor.—Power of Trustee to Employ Another.—Exigency.*—If a county has made suitable provision for the medical treatment of the poor in a certain township, the trustee has no authority to engage other physicians to render services to the poor of such township, unless the physician employed by the county abandons his contract, or refuses to perform it, or is at such a distance that his at-

tendance can not be readily procured, and an emergency exists, or he lacks the skill and experience necessary to render reasonably efficient services in the case, and the dictates of humanity seem to require it.

SAME.—Employment by a trustee of a physician to treat the poor of his township is *prima facie* evidence that the county has failed to contract with a physician to treat the poor of such township, and casts the burden of showing such employment upon the county; but when such employment is shown, the burden of showing an exigency authorizing the employment of medical assistance by the trustee rests upon the plaintiff.

COUNTY COMMISSIONERS.—*Pleading.*— *Jurisdiction. -- Burden to Overthrow.* —The question of whether a claim has been presented to the board of commissioners before suit commenced thereon in the circuit court is a question of jurisdiction for the latter court, and the presumption in favor of the jurisdiction of the circuit court is such in all cases as to cast the burden of its overthrow upon the party denying it.

From the Warren Circuit Court.

*C. V. McAdams,*for appellant.

*W. L. Rabourn* and *W. P. Rhodes,* for appellee.

CRUMPACKER, J.—This action was commenced by Osburn against the county to recover for medical attendance upon poor persons in said county. Plaintiff had a verdict and judgment below, and the county appealed.

It is insisted that the complaint is demurrable because it does not allege that those furnished with the medical attendance, for which the claim in suit accrued, were enrolled upon the " poor book." Section 6075, R. S. 1881, requires each township trustee to keep a " poor book," upon which shall be enrolled all of those in his township who are unable to care for themselves, and who, in his judgment, will require assistance from the public. This requirement is designed to promote system and economy in the distribution of public benefactions, and to avoid delays that would follow an attempt to investigate each case after application had been made for relief; but it in no manner prevents the trustee from granting relief to one that he has not previously determined to be entitled to it and listed upon the book. The averment in the complaint that those treated were poor per-

sons was sufficient to show that they were public charges, temporarily at least. The phrase, "poor person," as used in the statute, has a settled legal signification, and is applied to those who may rightfully claim alms from the public bounty. Its meaning is the same as that of "pauper" or "indigent person." *Hutchings* v. *Thompson*, 10 Cush. 238; 18 Am. and Eng. Encyc. of Law, p. 767.

It is averred in the complaint that the township trustee employed appellee to treat the patients as poor persons, and this sufficiently shows a determination by the trustee that they were subjects of charity.

An exhibit was filed with the complaint containing an itemized account of the services sued for, to which was appended the written approval of the claim by the trustee, dated after the services were rendered. The point is made that this shows that the services were rendered before the order of the trustee was given, and therefore were voluntary. The fallacy of this position is in the assumption that the exhibit purports to contain the order under which the services were performed. It is averred in the complaint that appellee administered the treatment in pursuance of an order given him by the trustee, but it is not averred that such order was in writing, and it did not need to be. The object of the trustee's written approval of the bill, after the services were rendered, was to furnish evidence to the board of commissioners of its correctness, and that it was contracted under authority.

There was no error in overruling the demurrer to the complaint.

It is next insisted that the evidence does not support the verdict, because it fails to show that the claim was presented to the board of commissioners for allowance before suit was brought in the circuit court.

This relates solely to the matter of jurisdiction, and the presumption in favor of the jurisdiction of the circuit court is such in all cases as to cast the burden of its overthrow

upon him who denies it. *Bass Foundry, etc.,* v. *Board, etc.,* 115 Ind. 234; *Board, etc.,* v. *Leggett,* 115 Ind. 544.

There was no evidence upon the subject at all in the case before us, and the burden being with the appellant, the verdict must in that respect be upheld.

Complaint is next made of the instructions given by the court. They submitted the cause to the jury upon the theory that the employment of appellee to render the services sued for was conclusive not only of the fact that the patients were public charges and entitled to public assistance, but also that suitable provision had not been made for the poor in the township by the board of commissioners. The evidence showed conclusively that the board had contracted with a physician of eighteen years' experience to attend the poor in such township, and that he was not away from home and did not refuse to attend, but that he was not called upon. The distance from his residence to the homes of the patients does not appear. There was some evidence respecting his qualifications to treat one of the cases, but none upon the other.

Section 6069, R. S. 1881, provides that "Every county shall relieve and support all poor and indigent persons lawfully settled therein, whenever they shall stand in need thereof," and the board of commissioners is authorized to raise funds for that purpose. Section 6066 creates the township trustees of the several civil townships "overseers of the poor," and provides that they "shall perform all the duties with reference to the poor of their respective townships that may be prescribed by law."

Section 5764 requires the board of commissioners to contract with one or more skilful physicians having knowledge of surgery, to attend upon the poor of the county, but when such provision is not made the several trustees may employ "such medical or surgical services as paupers" within their respective jurisdictions may require.

The several statutory provisions upon the subject should

be construed as a system designed to furnish adequate relief to all of the public charges, without unnecessary outlay or extravagance. Where a trustee determines that the necessities of one in his township are such as to entitle him to public aid, such decision is final and conclusive. *Board, etc.,* v. *Holman,* 34 Ind. 256 ; *Washburn* v. *Board, etc.,* 104 Ind. 321.

The function of administering public charities is governmental, and township trustees are agents of the county for that purpose. This agency is created and defined by law, consequently is of such a character that all are bound to take notice of its scope and limitations. Where the county has made suitable provision for the medical treatment of the poor in a certain township, the trustee has no authority to engage other physicians to render the service. *Board, etc.,* v. *Boynton,* 30 Ind. 359 ; *Board, etc.,* v. *Hon,* 87 Ind. 356 ; *Board, etc.,* v. *Seaton,* 90 Ind. 158 ; *Washburn* v. *Board, etc., supra.*

There is but one power to employ medical attendance upon the poor, and when that is exercised by the board of commissioners the trustees are without authority respecting it. But in the event the physician employed by the board of commissioners abandons the contract or refuses to perform it, or is at such a distance that his attendance can not be readily procured and an emergency exists, it is equivalent to no provision by the county, and the trustee is authorized to act. *Conner* v. *Board, etc.,* 57 Ind. 15 ; *Board, etc.,* v. *Seaton, supra ; Washburn* v. *Board, etc., supra.*

Upon the same principle, if the county physician lacked the skill and experience necessary to render reasonably efficient services in any case, and the dictates of humanity seemed to require it, the trustee would be authorized to employ special medical assistance. Section 5764, *supra,* contemplates the employment by the county of reasonably skilful physicians who are conveniently accessible, and if, for any reason, there is no such physician to treat a given case, the trustee may employ one, but if such a physician has

been provided by the county, the trustee has no power to engage another. It is resolved into a question of fact to be determined by the court or jury, viz. : Has the county made reasonable provision for the treatment of the poor having in view the demands of the particular case ? Employment by the trustee is *prima facie* evidence that the county has failed in the first instance to contract with a physician to treat the poor, and casts the burden of showing otherwise upon the defendant. *Board, etc.,* v. *Ritter,* 90 Ind. 362.

But where it appears that the county has contracted with a physician to administer to the poor of a township, it will be presumed that adequate provision has been made, and the burden of showing an exigency authorizing the employment of medical assistance by the trustee in such township is with the plaintiff. It is a question to be decided by the jury under proper instructions, and the trial court erred, in the case in judgment, in treating the employment by the trustee as conclusive upon the county.

The judgment is reversed, with instructions to grant a new trial.

Filed May 26, 1892.