Board of Commissioners of Lawrence County *v.* McLahlan.

Filed May 16, 1894.

----------◆----------

### No. 1,151.

### BOARD OF COMMISSIONERS OF LAWRENCE COUNTY *v.* McLAHLAN.

TOWNSHIP TRUSTEE.—*Power to Contract for Medical Services for Poor.*— *County Commissioners.*—Where the county commissioners have employed a physician to treat the poor of a township, the trustee can not make a contract for such purpose binding on the county, except in cases of emergency.

From the Lawrence Circuit Court.

*W. H. Martin, J. E. Boruff* and *T. J. Brooks,* for appellant.

*J. D. Alexander,* for appellee.

LOTZ, J.—The appellee is a physician and surgeon. He brought this action to recover the value of his services rendered to a poor person of Pleasant Run township, in Lawrence county. It was alleged that the services were rendered in pursuance to the employment and direction of the trustee of said township.

There was a trial by the court and a finding and judgment in favor of the appellee, from which judgment the appellant prosecutes this appeal.

The only assignment of error discussed by appellant's counsel is the overruling of the motion for a new trial.

It is insisted that the finding of the court is contrary to the law and contrary to the evidence.

Counsel for appellant, in their argument, assert that

there is a total lack of evidence on a vital element of the case, to wit, the employment of the appellee by the township trustee to perform the service. In this we think counsel are mistaken. There was some evidence tending to show such employment.

The appellee testified that the township trustee went with him to see the child (the person treated), and directed him to treat it, and that he would use his influence with the board of commissioners to secure his pay. The township trustee is, by statute, the overseer of the poor; and in the event the board of commissioners of the county fail to employ a physician or make suitable provision for them in sickness, the trustee may do so and the county will be liable therefor. *Morgan Co.* v. *Seaton*, 122 Ind. 521.

It is true that the trustee has no power to make a contract binding upon the county when the board of commissioners has employed a physician for the purpose of treating the poor of the township, except in cases of emergency. It appears from the evidence, that the board had employed a physician for Pleasant Run township, who was acting in that capacity at the time the services in suit were rendered, but there was some evidence which tended to show that this physician lived seven miles from the sick child; that he was old and in ill-health, and unable to attend the child. If this was true, the trustee had power to employ a physician, and the county would be liable for the services rendered. *Board, etc.,* v. *Osburn,* 4 Ind. App. 590; *Board, etc.,* v. *Lomax,* 5 Ind. App. 567.

The evidence upon the questions of fact is conflicting, and where there is a conflict this court is not warranted in disturbing the verdict or finding.

Judgment affirmed, at costs of appellant.

Filed May 16, 1894.