BOARD OF COMMISSIONERS OF PERRY COUNTY, INDIANA,
*v.* BADER.

[No. 2,533. Filed June 7, 1898.]

COUNTY COMMISSIONERS.—*Claim for Services Rendered During Quarantine against Small Pox.*—A complaint against the county based upon a claim filed with the county commissioners for services rendered as watchman during the time of quarantine against small pox, the certificate of the township trustee being attached thereto stating that the amount of the claim was due claimant out of the township fund of his township, and was presented and not

paid for want of funds, shows no liability upon the part of the county.

From the Perry Circuit Court.    *Reversed.*

*Sol. H. Esarey*, for appellant.

*John T. Patrick and Oscar C. Minor*, for appellee.

COMSTOCK, J.—Appellee presented the following claim to the board of commissioners of Perry county, Indiana: "Perry County, Indiana.    To Henry Bader, assignee of Peter Weiss, Dr.    25 1-10 days as watchman during time of quarantine against small pox in Tell City, by order of township trustee as evidenced by order hereunto attached, $31.30.    Trustee's Office, Troy township, Perry county, Indiana.    Tell City, Ind., May 27, 1895.    This is to certify that there is due to the bearer H. Bader, the sum of $31.30 for (P. Weiss) watchman's order during quarantine.    Payable out of the township fund of Troy township, Perry county, Indiana.    Gibson Hubbs, Trustee.    May 27, 1895.    Presented and not paid, for want of funds.    Gibson Hubbs, Trustee.

"State of Indiana, Perry County, ss:    I, Henry Bader, being duly sworn, upon my oath say that the claim as herein set forth is justly owing me by Perry county; that the same or any part thereof has never been allowed to me heretofore, as I believe, nor to Peter Weiss, by whom the same was assigned to me. Henry Bader.    Subscribed and sworn to before me this 4th day of March, 1896.    Jno. T. Patrick, Notary Public."

The claim was refused by the board, and an appeal taken to the circuit court of said county, where appellant's demurrer for want of sufficient facts was overruled, and exceptions taken.    Issues were joined, and a trial by the court resulted in a judgment in favor of

the appellee for the amount of his claim. The errors assigned challenge the sufficiency of the complaint.

Appellant contends that the claim fails to show any right of action against the county; that it does not show that the claim against the county is one that the law allows; that it appears therefrom that the services were rendered at the instance of the township trustee. The claim shows that the services were rendered to prevent the spreading of a contagious disease. For such work section 6718, Burns' R. S. 1894, makes provision. It provides that the board of commissioners of each county shall constitute a board of health *ex officio* for the county, "whose duty it shall be to protect the public health, by removal of all causes of diseases, when known, and in all cases take prompt action to arrest the spread of contagious diseases, to abate and remove nuisances, dangerous to the public health, and perform such other duties as may from time to time be required of them by the State Board of Health, pertaining to the health of the people." Under the statute the services rendered were such as the board of commissioners were authorized to make provision for. *Board, etc.,* v. *Fertich,* 18 Ind. App. 1.

The township order made a part of the claim does not make nor mar it. Such services would not be the basis of a claim against the township. Omitting the certificate there yet remains the statement that the county is indebted to the claimant, as assignee, the sum of $31.30 for services rendered as watchman by Peter Weiss in quarantining against the small pox. This is sufficient to inform the county of the character of the claim and to bar another action for the same cause. Strictness is not required in pleading in presenting claims against the board of commissioners. No formal complaint is necessary, and on appeal no new pleading is required. *Board, etc.,* v. *Wood,* 35

Ind. 70; *Board, etc.,* v. *Loeb,* 68 Ind. 29.; *Board, etc.,* v. *Shrader,* 36 Ind. 89; *Newsom* v. *Board, etc.,* 92 Ind. 232; *Duncan* v. *Board, etc.,* 101 Ind. 404. The judgment should be affirmed.

The foregoing is the opinion of the writer. In the opinion of the majority of the court, however, the complaint does not show a liability upon the part of the county. The judgment is therefore reversed, with instructions to the trial court to sustain the demurrer to the complaint.