## Monroe v. City of Bluffton.

[No. 4,454.  Filed June 4, 1903.]

Municipal Corporations.—*Liability for Care of Smallpox Patient.*—
A person afflicted with smallpox of a malignant character was
discovered in a populous part of the city.  The city health officer
was absent from the city and a physician with written authority
from the health officer to act in his stead, and under the directions
of the secretary of the state board of health, employed plaintiff to
care for the patient, quarantined the house, and placed guards
around the same.  The city paid the guards, but refused to pay
plaintiff's claim.  *Held*, that the city is liable.

From Wells Circuit Court; *J. P. Hale*, Special Judge.

Action by Bettie Monroe against the city of Bluffton.
From a judgment for defendant on demurrer to com-
plaint, plaintiff appeals.  *Reversed.*

*Levi Mock, John Mock* and *George Mock*, for appellant.
*C. E. Sturgis*, for appellee.

ROBINSON, C. J.—On September 23, 1901, one Smith, having no means or property whatever, came to appellant's home, in a thickly populated part of the city, afflicted with smallpox of a malignant character. Dr. Horne had previously been appointed secretary of the board of health for the county and for appellee, and a few days prior to the above date gave Dr. Spaulding, a duly qualified practicing physician, written authority to act as such health officer during Dr. Horne's absence, after which Dr. Horne absented himself from the city and county and never afterward acted or assumed to act as such health officer. From the time of such appointment, and for forty days continuously thereafter, neither the county nor city had any health officer other than Dr. Spaulding, the city and mayor failing to make any appointment and to provide any pesthouse. On the above date, Dr. Spaulding, acting under this appointment, and also verbal directions of the secretary of the state board of health directing him immediately to quarantine the house to prevent the spread of the disease and protect the health of the citizens, quarantined the house and placed guards around the same to prevent either ingress or egress, and ordered and contracted with appellant to take charge of Smith and nurse and care for him, and agreed that appellee should pay appellant, who was in indigent circumstances, therefor. Appellant believed at the time that Dr. Spaulding was the health officer of the city, and under the agreement with him she nursed and cared for Smith twenty-two days, worth a certain sum per day. During the twenty-two days her house was quarantined and guarded she was not permitted to leave the premises and no one was permitted to enter. The city paid the guards Dr. Spaulding contracted with for guarding the house.

Error is assigned upon sustaining a demurrer to a complaint averring substantially the above facts.

Monroe *v.* City of Bluffton.

Section 6711 *et seq.* Burns 1901 provide for the creation of a state board of health which "shall have the general supervision of the health and life of the citizens of the State;" the election by such board, of a secretary who "shall be the health officer of the State," and "who shall perform such duties as are prescribed by this act, or may be required by the board." Section 6718 Burns 1901 provides that "The trustees of each town, the mayor and common council of each incorporated city, except where a regularly constituted board of health by statute or by ordinance of such city exists or may hereafter be created, and the board of commissioners of each county shall constitute a board of health *ex officio,* for each town, city and county, respectively of the State, whose duty it shall be to protect the public health by the removal of causes of diseases when known, and in all cases to take prompt action to arrest the spread of contagious and infectious diseases, to abate and remove nuisances dangerous to the public health, as directed or approved by the state board of health and perform such other duties as may from time to time be required of them by the state board of health pertaining to the health of the people. They shall elect a secretary who shall be the health officer of the appointing board. * * * The state board of health shall have the power to remove at any time, any county, city or town health officer," for causes specified. "In case of the death or removal of any town, city, or county health officer, the vacancy thereby created, shall be immediately filled by the president of the board of trustees of the town, or the mayor of the city, or the county auditor as the case may be and such appointee shall hold office for the unexpired term of the health officer whose place he takes. * * * All county, city and town health officers shall have and possess the statutory and common law powers of constables in all matters pertaining to the public health."

These statutory provisions not only give local boards of health authority to take the necessary action to prevent the spread of contagious and infectious diseases, but they make it their duty to do so in all cases, and that they shall take prompt action in such matters. No more important duty rests upon the State than the preservation of the public health, and to secure and protect the public health against the very dangerous and contagious disease of smallpox the local instrumentalities and agencies created by the State are required to act promptly and effectively. "By the provisions of the statute creating the state board of health," said the court in *Blue* v. *Beach,* 155 Ind. 121, 50 L. R. A. 64, 80 Am. St. 195, "the imperative duty to protect the public health by the removal of causes of diseases when known, and to take prompt action to arrest the spread of contagious diseases, and to perform such other duties as may from time to time be required by the state board, is expressly enjoined upon all local health boards."

It is true the secretary of the board of health does not have absolute authority independently of the board in matters pertaining to the public health, and we approve the doctrine announced in *Board, etc.,* v. *Fertich,* 18 Ind. App. 1, and *Martin* v. *Board, etc.,* 27 Ind. App. 98, cited by counsel for appellee, but they are clearly distinguishable from the case at bar. Those opinions expressly indicate that circumstances might exist that would require a different holding. In *Board, etc.,* v. *Fertich, supra,* it was held that the purpose of this statute is to protect the public health and "In carrying such purpose into effect according to the meaning of the statute, it might become the duty of the county, under particular circumstances, to supply medical service, medicines, nurses, shelter, fuel, food, and raiment for patients taken for the time being under the control of the board, and placed in such situation that such provision would be a necessary part of the protection of the public health. We do not mean to indicate what would be the

proper conclusion in this regard in other cases than that which we now have to decide." And in *Martin* v. *Board, etc., supra,* it is said, "Whether, in a given case, an emergency might arise, requiring immediate action by the secretary, is not presented."

Even if it be conceded that under a strict and literal interpretation of the law appellant could not recover, yet, as said by the court in *Board, etc.,* v. *Cole,* 9 Ind. App. 474, "Courts are not, however, always required to give full force to the exact letter of the law, but are oftentimes permitted, nay, more, required, to relax somewhat the rigor of an exact compliance. *Schmidt* v. *State,* 78 Ind. 41; *City of Evansville* v. *Summers,* 108 Ind. 189."

In *Board, etc.,* v. *Cole, supra,* a physician recovered for services rendered in a county where he had not procured license to practice, the services having been rendered under a pressing emergency and urgent necessity that would not admit of delay. See *Orr* v. *Meek,* 111 Ind. 40; *Lamar* v. *Board, etc.,* 4 Ind. App. 191.

It is true that the general rule is well established that a person dealing with the agent of a municipality must take notice of the limit of his powers and must know whether the authority assumed is within the statute. But it must be conceded that the facts pleaded show an emergency existed requiring immediate action. A person afflicted with smallpox of a malignant character was discovered in a populous part of the city. Immediate action to prevent the spread of the disease was required. The officer charged with this duty was absent and had been for some days. The statute does not contemplate that a city shall be without a health officer, but provides that when there is a vacancy the place shall be filled immediately by the president of the board of trustees or mayor of the city. Dr. Spaulding was qualified to act as health officer, and, acting upon the authority given him by the regularly appointed health officer

and upon instructions from the secretary of the state board of health, he did the only proper. thing that could be done, and quarantined the house and placed guards around it to prevent ingress or egress into or from the premises. And his action thus far was afterwards ratified by appellee when it paid the guards thus appointed for their services. And when he went one step further and did what the dictates of humanity and a proper regard for the safety of the public health would require in every such case, and employed a nurse to care for the patient, it is claimed there is no liability for such services because he was not authorized to contract for such employment. However, we think it may rightfully be said that the employment of a nurse to care for a person suffering from smallpox in a malignant form was an essential precautionary measure to prevent the spread of the disease, and that all that Dr. Spaulding did was one entire transaction, which appellee must repudiate or ratify as a whole.

Moreover, the city was without a regularly appointed health officer who could act when the emergency arose. The public at large, and especially the inhabitants of appellee city, were vitally interested in having precautionary measures against the spread of the disease taken immediately. Appellant and her premises were properly quarantined, and by one assuming to have authority to act. He did nothing that appellee itself might not have done (*Board, etc.,* v. *Bader,* 20 Ind. App. 339), but did only what the city in the proper exercise of its duty under the circumstances was required to do. We think that when all the facts and circumstances are taken into consideration, the emergency that existed, the purpose for which the services were performed, the object sought to be accomplished, the necessity that existed that the services be performed, the law implies a promise to pay the reasonable value of appellant's services. See *City of Logansport* v. *Dykeman,* 116 Ind. 15.

We think the complaint states a cause of action for the value of the services rendered as nurse. As to the claim for bed clothing destroyed by appellant, sufficient facts are not averred to show a liability on the part of appellee.

Judgment reversed.