## CITY OF FRANKFORT *v.* IRVIN.

[No. 5,021. Filed December 13, 1904.]

1. HEALTH.—*Contagious Disease.—Prevention of Spread.—Action Against City.—Evidence.*—Where, in an action against a city for services rendered in nursing and caring for smallpox patients, in removing certain persons afflicted therewith, and in burying certain persons who had died of such disease, the evidence showed, that there was some danger of a smallpox epidemic in defendant city; that the council appointed a committee of three persons, one of whom was designated the chairman; that such chairman had practically the oversight of the care of persons so afflicted; that such chairman employed plaintiff to do the services sued for; that such council ratified the actions of such committee and chairman by paying many bills so made, such evidence shows a liability on the part of the defendant, and a judgment in plaintiff's favor is properly rendered. p. 282.

2. SAME.—*Cities.—Contagious Diseases.—Prevention of Spread.—Nurse.*—It is the duty of city boards of health to take prompt action to prevent the spread of contagious and infectious diseases, and such boards may lawfully establish a pesthouse and employ nurses to attend persons afflicted with such diseases, and the expenses thereof are proper charges against such cities. p. 282.

3. SAME.—*City Board.—Ministerial Duties.—Contagious Diseases.—Employment of Nurse.—Committee.*—A city board of health, in the employment of a nurse to prevent the spread of contagious diseases, acts in a ministerial capacity, and such board may act through the agency of a committee, the powers of such committee depending largely upon conditions existing at such place and time. p. 283.

4. SAME.—*Duty of State to Preserve.*—It is the imperative duty of the State to preserve the public health, and all expenses connected with or incident to the establishment, care and control of a hospital for those afflicted with contagious or infectious disease, whether persons so removed are indigent or not, where such hospital is kept for the prevention of the spread of such disease, are properly chargeable to such city. p. 283.

5. SAME.—*Expense of Burial of Person Dying of Contagious Disease.—Rules of State Board of Health.*—A city board of health has the right to employ persons to bury a person dying with a contagious or infectious disease, since by the rules of the state board of health a person dying of smallpox must be buried within twelve hours after death, and, by statute, city boards must enforce such rules of the state board, and since such prompt burial tends strongly to prevent the spread of such disease. p. 284.

From Hamilton Circuit Court; *John F. Neal,* Judge.

Action by Joseph Irvin against the City of Frankfort. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*L. S. Baldwin* and *Brumbaugh & Curtis,* for appellant.

*J. T. Hockman, W. S. Christian* and *A. H. Boulden,* for appellee.

Robinson, P. J.—Suit by appellee for services in nursing and caring for smallpox patients confined in a pesthouse, also for services in removing certain persons afflicted with the disease to the pesthouse, and for services rendered in burying certain persons who had died of the disease, such persons, it is averred, being in indigent circumstances and without money or property. The services are claimed to have been rendered under the employment and direction of the common council of appellant, acting as a board of health, appellant city not having created a separate board of health. Appellee had judgment. Counsel for appellant in their argument have not questioned either of the two paragraphs of complaint, but have discussed only the motion for a new trial.

The statute (§6718 Burns 1901, Acts 1899, p. 17, §8) makes the mayor and common council of an incorporated city, not having a board of health by statute or ordinance, a board of health for the city, and makes it the duty of such board "to protect the public health by the removal of causes of diseases when known, and in all cases to take prompt action to arrest the spread of contagious and infectious diseases, to abate and remove nuisances dangerous to the public health, as directed or approved by the state board of health and perform such other duties as may from time to time be required of them by the state board of health pertaining to the health of the public." The statute makes it a further duty of the board to "elect a secretary who shall be the health officer of the appointing board." The statute

also confers upon city health officers the statutory and common law powers of constables in all matters pertaining to the public health.

1. It is first argued that the evidence fails to make the case as averred by appellee in his complaint. But we think the record contains evidence from which it can be said that there was some danger of an epidemic of smallpox in the city, and at a special meeting of the common council, called to consider the situation, a special committee was appointed, consisting of three councilmen, one of whom was designated as chairman, and to this committee was referred the matter of looking after the smallpox in the city. It appears that soon afterwards there were a number of cases of smallpox in the city, and that most of the acts done with reference thereto were done by the chairman of this committee, and that it was through this chairman appellee was employed. It does not appear that this chairman did anything that the city council, acting as a board of health, might not have done itself. It does not appear what authority was given this committee, or its chairman, in the matter, but it does appear that appellant ratified a part of the work of this committee by afterwards paying bills contracted in relation to the management of the pesthouse. It was as a nurse in this pesthouse that appellant was employed through the chairman of this committee. We think it appears from the evidence that what this committee and its chairman did was one entire transaction, which should be repudiated or ratified as a whole.

2. The statute makes it the duty of the board of health to take prompt action in all cases to arrest the spread of contagious and infectious diseases. It is left to the discretion of the board as to how this may best be done. What power the board has, as against the individual, to confine a person afflicted with smallpox in a pesthouse, we have nothing to do with in this case. The board took such measures as it thought best to protect the health of the people

at large, and is liable for such expenses as are properly attributable to measures taken for the prevention of the spread of the disease. *Board, etc.,* v. *Fertich* (1897), 18 Ind. App. 1. And we think it can be said that the employment of a nurse to care for a person afflicted with smallpox is an essential precautionary measure to prevent the spread of the disease. *Munroe* v. *City of Bluffton* (1903), 31 Ind. App. 269.

3. Under the circumstances disclosed by the record, appellant, acting as a board of health, could have legally contracted with appellee for his services as a nurse. The making of such a contract would not be in the exercise of either a *quasi* judicial or of a legislative character, but would be in the performance of a ministerial duty. Such a contract made through the agency of a committee or other authorized person is no less binding than if made by the city itself. *City of Logansport* v. *Dykeman* (1888), 116 Ind. 15. The extent of the authority of the person or persons empowered to act in such a case must necessarily depend to a large extent upon the conditions existing in the particular case.

4. As is well said in *Blue* v. *Beach* (1900), 155 Ind. 121, 129, 50 L. R. A. 64, 80 Am. St. 195: "Among all of the objects sought to be secured by governmental laws, none is more important than the preservation of the public health; and an imperative obligation rests upon the State, through its proper instrumentalities or agencies, to take all necessary steps to promote this object." It is quite true that a person dealing with an agent of a municipality must take notice of the limit of his powers, and must know whether the authority assumed is within the law. But the record in this case contains some evidence that appellee was employed to perform the services, for which he sues, by an agent of appellant who had authority to make the employment. It is immaterial that the pesthouse was located outside the city limits. The maintenance of the pesthouse, and

the care of such citizens of appellant as it caused to be removed thereto, were a part of the plan adopted to control the disease and prevent its spread in the city. The fact that it is the duty of the overseer of the poor, and not the duty of the city, to make provision for poor and indigent persons, does not relieve the city from liability for necessary expenses incurred by it in preventing the spread of the disease. *Board, etc., v. Fertich, supra.*

5. Nor does it prevent the city from legally contracting to pay the services of a person who assists in the burial of a person who has died of the disease while under the control and charge of the city's health board. A rule of the state board of health makes it the duty of any person having charge of the remains of one who has died of smallpox to cause the body to be interred within twelve hours after death. The statute makes it the duty of local health boards to promulgate and enforce all rules and regulations of the state board of health. See *Blue* v. *Beach, supra.* The proper and prompt burial of a person who has died of smallpox may be as necessary in preventing the spread of the disease as the proper care of a person while afflicted with the disease.

Judgment affirmed.