BOARD OF COMMISSIONERS OF THE COUNTY OF PIKE *v.* KIME.

[No. 9,468. Filed February 8, 1918.]

HEALTH.—*County Health Commissioners.—Contagious Diseases.— Indigent Persons.—Employment of Physician.—Liability of County.—Statutes.*—Under §7605 *et seq.* Burns 1914, Acts 1909 p. 342, relating to the appointment, powers and duties of county health commissioners, the act of a county health commissioner in appointing a physician to care for and treat persons afflicted with smallpox and quarantined, is, in the absence of connivance or fraud, binding on the county and it may be held liable for services rendered, and the fact that the patients are indigent, or that there is a township physician, is immaterial, and the county's liability is not affected by §9746 Burns 1914, Acts 1901 p. 233, providing that township trustees shall promptly provide medical and surgical attendance for the poor.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by John T. Kime against the Board of Commissioners of the County of Pike. From a judgment for plaintiff the defendant appeals. *Affirmed.*

*William D. Curll,* for appellant.

*David D. Corn* and *John W. Wilson,* for appellee.

FELT, J.—Appellee recovered a judgment against appellant for $102.50 from which appellant has

appealed and assigned as error: (1) The overruling of its demurrer to appellee's complaint for insufficiency of the facts alleged to state a cause of action; (2) the sustaining of appellee's demurrer to appellant's second paragraph of answer to the complaint; (3) overruling appellant's motion for a new trial.

Omitting formal averments about which there is no controversy, the complaint, in substance, charges that appellee was and is a duly licensed and practicing physician of Pike county, Indiana; that on November 8, 1912, Dr. E. S. Imel was the duly appointed, qualified and acting health commissioner of said county, and on said day appellee ascertained that William Arnold and family, of Washington township, said county, were afflicted with smallpox, and thereupon on said day appellee reported the fact to Dr. Imel, health commissioner aforesaid, and refused to further treat said persons; that thereupon appellee and Dr. Imel visited the home of said persons together, when the health commissioner examined said persons and ascertained that they were in fact suffering with the disease of smallpox; that there were in the said family five children and three adult persons; that thereupon the health commissioner quarantined the house of said Arnold and all members of his family aforesaid, and then and there appointed appellee to take charge of said persons, give them such medical treatment as they needed, and to do whatever was necessary to restore them to health, maintain an effective quarantine of the persons and premises aforesaid, prevent the spread of said disease, and protect the public health of the community from said infectious disease; that appellee's appointment was in writing dated November 8, 1912, and was signed by E. S. Imel, county health commissioner, under the seal of his office, and showed that the expense of attendance, food and care

of said persons was to be paid by the county; that in pursuance of such appointment appellee immediately took charge of said patients and rendered them necessary and proper medical attendance and treatment, preserved said quarantine, and prevented the spread of the disease to other persons in the community; that when said services were so rendered said persons were in indigent circumstances and unable to pay for such treatment; that the services so rendered were necessary for the restoration to health, and the preservation of the lives of the aforesaid persons, and to prevent the spread of said infectious disease, and to protect the public health of the community. A verified bill of particulars was filed with the complaint.

To this complaint appellant filed a general denial and a second paragraph of special answer, in which it was alleged in substance that prior to and at the time the services of appellee were rendered, as alleged in the complaint, the duly elected, qualified and acting township trustee of said Washington township had provided a competent and duly licensed physician "to render all medical services to the paupers and indigent persons of said township;" that appellee and the health commissioner knew that such physician had been so employed, but did not call his attention to the condition of the aforesaid family, or request him to perform the services rendered by appellee, and said township physician had no knowledge that his services were required by said Arnold and family; that at all times during the term of his employment aforesaid, he had held himself in readiness to answer the pauper calls of the said Washington township, and the calls of the said trustee to wait upon the paupers of said township, and render said medical service to the citizens of said township legally determined to be indigent persons and in need of medical attention, and

was on November 8, 1912, and subsequently thereto, ready and willing to render such services under and in pursuance of his employment aforesaid.

The motion for a new trial states that the decision of the court is not sustained by sufficient evidence; that it is contrary to law. The several assignments of error present the same questions in different ways.

Appellant contends that the employment of appellee by the county health commissioner was unauthorized by law, and that there is no statute under and by virtue of which the county of Pike can be held liable for the services of appellee.

There is ample evidence tending to prove the averments of the complaint, including the allegations that the afflicted family was in indigent circumstances and unable to pay for the services rendered them by appellee, though they were not paupers; that they were afflicted with smallpox and it was necessary to treat them to restore them to health and prevent the spread of the disease; that the quarantine was needed and was established and maintained to prevent the spread of the disease and was effective to that end.

Appellee contends that the case is controlled by the statutes relating to public health and not by the statutes relating to the poor of townships in this state; that in cases of emergency where indigent persons are afflicted with infectious or contagious disease, the county health commissioner is clothed by statute with authority to provide medical treatment and maintain a quarantine to prevent the spread of the disease and protect the public health.

Appellant relies upon the statutes which make township trustees overseers of the poor and the fact that in the instant case the township trustee had employed a competent and duly licensed physician to treat the poor of Washington township. Section 9746 Burns

1914, Acts 1901 p. 323, §6, is as follows: "The overseer of the poor in each township shall have the oversight and care of all poor persons in his township so long as they remain a charge, and shall see that they are properly relieved and taken care of in the manner required by law. He shall, in cases of necessity, promptly provide medical and surgical attendance for all of the poor in his township who are not provided for in public institutions; and shall also see that such medicines as are prescribed by the physician or surgeon in attendance upon the poor are properly furnished."

The act of 1909 (Acts 1909 p. 342, §7605 Burns 1914) provides that: "In every county there shall be a county health commissioner who shall be elected for the term of four years by the board of commissioners of each county * * * on the first Tuesday in' January," the first election occurring in 1910. "All county health commissioners * * * shall give bond in such sum as the appointing power may determine." Section 7608 Burns 1914, Acts 1909 p. 342, provides in part as follows: "The state health commissioner, all county health commissioners, and all city and town health officers, shall have power to make sanitary inspections and surveys of all public buildings and institutions, to enter upon and inspect private property, * * * in regard to the possible presence, source and cause of disease, to establish quarantine and in connection therewith, to order what is reasonable and necessary for the prevention and suppression of disease * * * and in all reasonable and necessary ways to protect the public health." Sections 7612 and 7613 of the aforesaid statute (Acts 1903 p. 161), being §§1 and 2 of the act providing for boards of health, require physicians and other persons knowing of infectious or

contagious diseases to report them to the local health officer. Section 7614 provides that: "The health officer having jurisdiction, upon being notified in any way of the existence of either of the diseases named in section 2 or of other communicable diseases which are or may be listed in the rules of the state board of health, shall immediately, in person, or by deputy, quarantine the infected house, rooms or premises, so as effectually to isolate the case or cases, and the family, if necessary, in such manner and for such time as may be necessary to prevent transmission of the disease." The section also provides a penalty of a fine and imprisonment for its violation. Section 7622 of the statute, *supra*, being §11 of the act of 1903, providing for the restriction of dangerous communicable diseases, provides that: "The expenses incident to disease prevention shall be paid by the cities and towns in which the work may become necessary, and when without the corporation of cities and towns such expenses shall be borne by the county." Section 7609 of the statute, *supra*, being §12 of the act creating boards of health as amended by the act of 1909 provides that: "All expenses legally incurred for the work of protecting the public health outside the corporation of cities and towns shall be paid by the county treasurer out of the health appropriations made by the county councils, upon warrants from the county health commissioners, based upon sworn vouchers, said vouchers to have attached itemized bills for the amount for which they are drawn, * * * and townships shall not be held for the payment of public health expenses, but the cost of the care of the paupers, whether sick or well, shall be upon the townships."

The facts of this case bring it within the provisions of the statutes enacted to prevent the spread of infectious and contagious diseases and to protect and promote the health of the public. The act of 1909, *supra,* §7605 *et seq.* Burns 1914, *supra,* authorizes the appointment, specifies the qualifications and prescribes the duties of county health commissioners. They are required to enforce health laws, rules and regulations, within their respective jurisdictions. They are given broad discretionary powers in determining when to act and the means and measures to be employed to accomplish the end in view. They may establish quarantine, and are expressly authorized "in connection therewith, to order what is reasonable and necessary for the prevention and suppression of disease * * * and in all reasonable and necessary ways to protect the public health." In carrying out the measures deemed necessary to protect the public health, such commissioner may act either in person or by deputy and may completely isolate the entire family afflicted with any disease liable to affect the public health. The law takes cognizance of the fact that worthy, though indigent persons, as well as persons who belong to the pauper class, and likewise those who are financially well to do, may be the victims of contagious or infectious diseases, and that their prompt isolation, care and treatment may be reasonable and necessary means of preventing the spread of the disease and protecting the public health.

It is not the purpose of the law to pay for the care and treatment of afflicted persons who are amply able to pay such expenses for themselves, but it is the humane purpose of the health laws of this state to draw no fine distinctions which may prevent prompt action and delay efficient means designed to stamp out dangerous diseases and safeguard the public health.

Where persons are so afflicted and so situated as in the case at bar, and are indigent and unable to pay for their necessary care and treatment, and the health commissioner has taken cognizance of the situation, appointed a competent physician to care for and treat the persons so isolated, maintain the quarantine and protect the public health, the jurisdiction and control of the health commissioners is complete, and the county may be held liable for all expense reasonably necessary to the protection of the public health. The decision of the health commissioner with reference to the necessity for action and the means to be employed, in the absence of connivance or fraud, is conclusive and final. *Morgan County* v. *Seaton* (1890), 122 Ind. 521, 525, 24 N. E. 213; *Board, etc.* v. *Osburn* (1892), 4 Ind. App. 590, 594, 31 N. E. 541.

The dominant purpose of the law is to protect and promote the public health. The fact that the means employed to accomplish the end in view incidentally benefits indigent persons unable to pay for their necessary care and treatment does not change the application of the law, but is clearly within the humane purposes of its enactment. The changes in the statutes have centralized authority in the county health commissioner, and drawn a clear line of distinction between indigent persons afflicted and quarantined, as in the case at bar, and the poor of the township under usual and ordinary conditions. There is no necessary conflict in the statutes when the purposes to be accomplished by the different laws are kept in mind and the emergencies are recognized which are necessarily encountered in protecting the public health. The principles above announced have been recognized and applied by our courts, and the more recent changes in the statutes seem to have been made with reference to such principles; and to

have rendered easier their practical application to concrete cases. Keeping in mind the changes in the statutes, and the facts of this case, the following decisions will be found to support the conclusions announced. *Board etc.* v. *Fertich* (1897), 18 Ind. App. 1, 6, 46 N. E. 699; *Monroe* v. *City of Bluffton* (1903), 31 Ind. App. 269, 272, 67 N. E. 711; *City of Frankfort* v. *Irvin* (1904), 34 Ind. App. 280, 282, 72 N. E. 652, 107 Am. St. 179; *Blue* v. *Beach* (1900), 155 Ind. 121, 56 N. E. 89, 50 L. R. A. 64, 80 Am. St. 195; *Town of New Carlisle* v. *Tullar* (1915), 61 Ind. App. 230, 235, 110 N. E. 1001; *Town of Knightstown* v. *Homer* (1905), 36 Ind. App. 139, 146, 75 N. E. 13; *City of Greenfield* v. *Black* (1908), 42 Ind. App. 645, 648, 82 N. E. 797; *Morgan County* v. *Seaton, supra.*

The complaint states facts sufficient to constitute a cause of action against the county. The theory of the pleading is that the expenses for which appellee recovered were incurred against the county by virtue of the action of the county health commissioner preventing the spread of smallpox and protecting the public health. The facts show substantial compliance with the statutes which make provision for the payment by the county of expenses so incurred. The fact that an indigent person was involved, and thereby items of expense were charged against the county that under ordinary conditions would have been charged to and paid by the individual citizen or by the township, does not change the character of the case, or render the statute inapplicable. What was done was necessary, reasonable and humane. Primarily it was for the protection of the public in stamping out and preventing the spread of a dangerous, communicable disease. Secondarily, the treatment benefited indigent persons whose neglect in point of time or treatment would have been dangerous to public health.

In this opinion we are dealing with a case where the afflicted persons were poor and unable to pay for medical treatment, but even in cases where the afflicted and quarantined persons are able to pay for their care and treatment, under the present law, the decision of the health commissioner as to the means to be employed to protect the public health, including the care and treatment of such afflicted persons, is final and conclusive and binding upon the county, unless the commissioner has abused the discretionary power lodged in him by the statute. It follows that the special answer does not state facts which constitute a defense to the cause of action stated in the complaint.

The evidence supports the decision of the court. The judgment is fully warranted by the law. No error has been shown. Judgment affirmed.

Ibach, C. J., Batman, P. J., Caldwell, Dausman and Hottel, JJ., concur.

NOTE.—Reported in 118 N. E. 595.