WINGATE *v.* HARRISON SCHOOL TOWNSHIP ET AL.

TOWNSHIP.—*Contract for Benefit of School Property.*—A civil township is not liable for expense incurred in the improvement of school buildings.

SAME.—*Fraud.—Promissory Note.*—A contract by a school trustee for the improvement of school property, by the terms of which he is to share in the profits, is void both at common law and under the statute, 2 R. S. 1876, p. 454; and an answer to an action against the school township, on a promissory note, alleging that it was executed by such trustee in pursuance of such a contract, is sufficient.

From the Clay Circuit Court.

*G. A. Knight* and *C. H. Knight*, for appellant.

*W. W. Carter* and *S. D. Coffey*, for appellees.

. NIBLACK, J.—This was an action by Robert M. Wingate, against both the civil and school corporations of Harrison township, Clay county, jointly, on the, following promissory note :

"HARRISON TOWNSHIP, CLAY COUNTY, INDIANA, }
"July 24th, 1874. }

"Twelve months after date, the trustee of said township promises to pay to W. J. Mast & Bro. the sum of four hundred and twenty-two dollars, with six per cent. interest from date, for rodding school-houses.

"PETER BARRICK, Trustee,"

Which, it was alleged, was given for placing lightning-rods on the several school-houses in said Harrison township, and which had been endorsed to the said Robert M. Wingate.

Harrison township (the civil corporation) filed a separate demurrer to the complaint, and the demurrer was sustained.

The school township answered in two paragraphs:

1. In general denial ;

2. Admitting the execution of the note sued on, and that the said Peter Barrick was trustee when it was executed, but averring, that said lightning-rods were not necessary for any useful purpose connected with said school-houses, and were known by the said Barrick and the payees of said note to be worthless and useless on said school-houses. Also averring, that the said Barrick, at the date of said note, was the owner of a house and barn

in said township, upon which he desired to have lightning-rods erected, and that, for the purpose of cheating and defrauding the tax-payers of said township, and for the further purpose of enabling himself to procure lightning-rods to be placed on his own house and barn free of cost to himself, he and the payees of said note entered into an illegal, immoral and fraudulent contract to have the payees erect said lightning-rods on said school-houses, for which they were to be paid thereon large and exorbitant profits out of the funds of said township, and, in consideration whereof, the said payees were to erect, and did erect, lightning-rods on said Barrick's house and barn free of charge; that the consideration of said note was the said illegal, immoral and fraudulent contract, and the said lightning-rods were furnished in pursuance of such contract and of no other; that, by the terms of such contract, it was further agreed, that the profits arising therefrom were to be, as they were, divided between the payees of said note and the said Barrick, he, the said Barrick, being at the time trustee as aforesaid, and receiving as his share of the profits, the sum of two hundred and thirty-five dollars.

The plaintiff demurred to the foregoing second paragraph of the answer, but the court overruled his demurrer, and he then replied in general denial.

The defendant thereupon withdrew the first paragraph of the answer, and the cause was submitted to a jury for trial.

A verdict was returned for the defendant, and a motion for a new trial overruled, followed by a judgment on the verdict.

The appellant does not insist here, that the court erred in sustaining the demurrer of Harrison township to the complaint, on which the first error is assigned. We are, therefore, not required to review the action of the court in that respect. See, however, *Jackson Township* v. *Barnes,* 55 Ind. 136, which fully sustains the ruling of the court upon the demurrer in question.

The second error assigned here is upon the ruling of the court in overruling the demurrer to the second paragraph of the answer, and that raises the important question in this case.

By "An act defining certain felonies," etc., approved December 21st, 1872, 2 R. S. 1876, p. 454, it is provided, amongst other things, that, if any school trustee shall be either directly or indirectly interested in any contract for any building, or work of any kind erected and built for the use of his township, town or city, or who shall bargain for or receive any percentage, drawback, premium or profits, or money on account of any contract, letting of any contract or appointment whatever, shall be deemed guilty of a felony.

Also, that, if any person who shall pay, or agree to pay, any money, or deliver any thing of value, to any school trustee for the purpose of procuring any contract for the construction of any school-house, or the performance of any work, or the furnishing of any material for the use of his township, town or city, or who, having any such contract, shall pay, or agree to pay, such school trustee any money, percentage, reward, drawback, premium or profits on such contract, shall also be deemed guilty of a felony.

Also, that all contracts and agreements made between any persons, in violation of said act, shall be void.

The appellant maintains, that, upon the facts set out in the second paragraph of the answer, the statute above cited did not render the entire contract with Barrick, for putting up the lightning-rods on the school-houses, void, but only so much of it as reserved to Barrick a portion of the profits, leaving the note in suit a binding obligation on the school township which has received the benefit of the lightning-rods; and, hence, that said second paragraph did not constitute a defence to the action.

We can not adopt the construction thus contended for. The note was but a part of the contract set up in defence

of the action, and it seems to us clear that the division of the profits with Barrick tainted the whole contract, and rendered it utterly void, under the statute above referred to. But, independently of the statute, we think the facts alleged in the second paragraph of the answer show that the note was executed upon a contract void as against public policy. Chitty Con., 11th ed., 971–994; 2 Parsons Con. 746; *Marshall* v. *The B. & O. R. R. Co.*, 16 How. 314; *Stanton* v. *Allen*, 5 Den. 434; *Fisher* v. *Bridges*, 3 Ellis & B. 642.

Therefore, both under the statute and at common law, we regard the facts alleged in the second paragraph of the answer as constituting, substantially, a good defence to the action, and as being sufficient on demurrer.

The third and last error assigned is upon the overruling of the motion for a new trial.

It is objected, that the evidence did not sustain the allegations of the second paragraph of the answer, and, for that reason, was not sufficient to support the verdict; also, that the court erred in its instructions to the jury.

The evidence seems to us to have strongly tended to sustain the material issue submitted to the jury, and we see no substantial variance between the allegations and the evidence on the part of the appellee. We can not, therefore, disturb the verdict upon the evidence.

The objection to the instructions has been practically disposed of in our ruling upon the sufficiency of the second paragraph of the answer, and we deem it unnecessary to set them out at length, or to further comment upon them here.

The judgment is affirmed, at the costs of the appellant.