The City of Fort Wayne v. Rosenthal.

No. 7493.

THE CITY OF FORT WAYNE v. ROSENTHAL.

CITIES AND TOWNS.—*Members of Board of Health.*—*Physician.*—*Small-Pox.* —*Vaccination.*—*City Ordinances Construed.*—City ordinances requiring the board of health to have persons vaccinated as a protection against small-pox do not thereby impose upon the board, or its members, the duty to do, but only to provide for the doing of, such services as may be required of physicians.

SAME.—*Contract of Board with Member Void.*—*Statute Construed.*—A member of the board of health of a city, appointed under authority of section 48, is an officer within the terms of section 52 of the act of March 14th, 1867, for the incorporation of cities, 1 R. S. 1876, pp. 267, 286 and 288, and can not be interested in any contract by which any indebtedness is created against the city.

SAME.—An employment by a board of health of a city of one of its members to vaccinate pupils in a public school is a void contract, and creates no liability against the city.

SAME.—*Voluntary Services.*—*Quantum Meruit.*—In such case, the services rendered by a physician, who is a member of the board of health, are voluntary, and confer upon the city no value or benefit which could have been rejected, and by keeping which the city ratifies the contract and becomes liable upon a *quantum meruit*, or a *quantum valebat*.

SAME.—*Agency of Public Officers.*—*Buying.*—*Hiring Himself.*—An officer of a city can not as agent contract with himself personally, buying what he is employed to sell, or hiring himself to do a service which he is employed to procure to be done.

From the Allen Circuit Court.

*A. Zollars* and *F. T. Zollars*, for appellant.

*W. G. Colerick, H. Colerick,* and *T. W. Colerick,* for appellee.

WOODS, J.—Error is claimed in the sustaining of the demurrer to the second paragraph of the answer, and in the overruling of the motion for a new trial.

The answer referred to is nothing more than an argumentative denial of the indebtedness charged in the complaint, and, if good, admitted of no proof which was not admissible under the general denial, which was also pleaded.

The principal question presented under the ruling upon the motion for a new trial is, whether the finding and judg-

ment of the court are in accordance with the law and the evidence.

There is no material dispute about the facts of the case, which are, substantially, as follows : The appellee is a physician, and, together with Drs. Erwin and Myers, constituted the board of health of the city of Fort Wayne during the year 1869. On November 9th, 1869, the small-pox appeared in the city in a malignant form, and it became necessary to take steps to prevent the spread of it. The public schools were in session. On the same day the common council of the city adopted a resolution, "That the board of health be authorized to notify the public that an examination of scholars at the various schools will be made by said board, and, if deemed necessary to vaccinate, they will order it done by the family physician ; and, if parents are unable to pay for it, the same shall be done at the expense of the city." Notice was accordingly published in the *Sentinel*, on the 11th, that the board would visit the East-End free school, on the 12th, for the purpose of inspecting the vaccination of the pupils, and that absentees must call on the board before re-admission. The following ordinances of the city, admitted to have been duly passed, were put in evidence. Chapter 14, passed April 14th, 1866 :

"Sec. 6. The board of health may take such measures as they may, from time to time, deem necessary, to prevent the spread of the small-pox, and all other contagious and pestilential diseases, by issuing an order requiring all persons in the city, or any part thereof, to be vaccinated within such time as they shall prescribe ; and all persons refusing or neglecting to obey such order shall be liable to the penalties hereinafter provided for the violation of this chapter : *Provided*, That it shall be the duty of the board to provide for the vaccination of such persons as are unable to pay for the same, at the expense of the city."

Chapter 49, passed April 28th, 1878 :

"Section 1. The common council shall, at their annual meeting, appoint, as a board of health of said city, three respectable physicians, at least one of whom shall be a prac-ticing physician, which board shall serve one year, and until their successors are appointed and qualified.

"Sec. 2. Said board shall appoint one of their number president, who shall preside at their meetings, and shall be, *ex officio*, the health officer of said city; and a secretary, who shall keep an accurate record of their proceedings, in a proper book, to be furnished by the city. Any two of such board shall constitute a quorum.

"Sec. 3. The board of health shall have power, whenever it may deem it necessary for the health of the city, to take the most prompt and efficient measures to prevent the introduc-tion of malignant or infectious diseases in the city, and for the immediate and safe removal of any person or persons, who may be found therein, infected with any such disease.

"Sec. 4. It shall be the duty of the health officer to ex-amine into all nuisances, sources of filth, and causes of sick-ness in the city, which may come under his observation, and when notified of the same, and he shall cause the same to be removed or destroyed, or disinfected, under the direc-tion of the board of health, at the expense of the person on whose premises such nuisances, causes of sickness, or sources of filth, shall be found to exist.  *  *  *

"Sec. 11. The board of health shall each be paid an annual salary, to be fixed by the common council.

"Sec. 13. It shall be the duty of the board of health, whenever any person or persons are sick with contagious, infectious or malignant diseases, to inquire into the circum-stances of such person, and, if he be a pauper, to notify the trustee of Wayne township to take care of such pauper, and remove him to a safe place, and no expense shall be incurred on the part of the city for the care or removal of such pau-

per, except in case of emergency, when the most prompt and speedy action may be deemed necessary by said board."

The record of the proceedings of the board of health on November 8th, 9th, 12th, 15th, 16th, 17th and 26th, 1869, were put in evidence, showing their order for a general vaccination of the pupils of the schools, their visits to the schools for the inspection of the vaccinations, and reciting the fact of vaccinations made.

The plaintiff testified, and there was no opposing testimony, that the board, Dr. Erwin and himself only being present, employed him to vaccinate pupils in the schools, whose parents were unable to pay therefor, and that he did accordingly vaccinate two hundred and eleven pupils, who, and whose teachers, said that their parents were unable to pay therefor, and whose parents, from all he could learn and as he believed, were not able to make such payment. The value of such service was proven, and the court found it to be $150. The plaintiff's salary, as a member of the board of health was seventy-five dollars, which had been paid him for the year 1869.

This brings us to the question whether, for the services so by him rendered, the appellee was entitled to compensation from the city. The appellant disputes the right on two grounds : First, that the appellee did the service as a member of the board of health of the city, and is, therefore, entitled to no compensation beyond his salary ; and, second, that the board of health had no power, and, on grounds of public policy, was forbidden, to employ one of its own number to do such service ; and, especially, that the appellee's employment was invalid, because made by himself and one other only of the members of the board. We do not assent to the proposition that the services were such as came within the appellee's duties as a member of the board of health. The ordinances which were put in evidence, and on which the appellant makes this claim, do not impose on the board,

The City of Fort Wayne *v.* Rosenthal.

or its members, the duty to do, but only to provide for the doing of, such services. The second ground, however, seems tenable. The board and its members held positions of trust and confidence toward the city. Their responsibilities in reference to the services, for which the appellee claimed compensation, were at once important and delicate. It was for them to decide whether an emergency had arisen, and what children were entitled to be treated at the public expense. The emergency, if it existed at all, was such as called for immediate and authoritative decision upon the case of each applicant. According to his own testimony, the appellee took upon himself his share of this responsibility. He went to the school-houses, and upon the statements of the children and their teachers, that the parents were unable to pay for it, he did the work himself, at the rate, probably, of one hundred and fifty, or more, per day, and charged the city one dollar for each vaccination. The antagonism between the appellee's private interest and his public duty, it is manifest, was very great, and calculated to cast suspicion upon his discharge of duty, no matter how faithfully and conscientiously it was done. Let it be understood that such personal advantage may result to a member of the board, and suspicion not only attaches to his selection of those who may be served at public expense, but it extends to and taints the original decision and declaration of the board, that an emergency existed which required the work to be done.

By section 52 of the act for the incorporation of cities, approved March 14th, 1867, 1 R. S. 1876, p. 288, it is provided that "No member of the common council, or other officer of such city shall, either directly or indirectly, be a party to or in any manner interested in any contract or agreement with such city for any matter, cause or thing by which any liability or indebtedness is in any way or manner created against such city; and if any contract should be made in contravention of the foregoing provisions, the same

shall be null and void." It is true, as has been suggested, that by section 8 of the same act, "The officers of such city shall consist of a mayor, two councilmen from each ward, a city clerk, assessor, treasurer, civil engineer, street commissioner and marshal, and * * city attorney and city judge," and that a member of the board of health is not one of the officers so named. But there are other city officers besides these, as is manifest from the 48th section of the act, in which it is provided that the common council shall appoint annually " a chief engineer of the fire department, three commissioners, to form a board of health, and, in their discretion, a sealer of weights and measures, and as many supervisors of streets, to act under the direction of the street commissioner, as they may deem necessary, and all other officers which the by-laws may create or require, * * * and the common council may, by ordinance, prescribe such rules and regulations, in addition to those herein contained, for the qualification and official conduct of all city officers, as they may deem for the public good," etc. We are of the clear opinion that the appellee was an officer of the city, within the meaning of the 52d section.

But if this were not so, and the case were to be determined by the general principles of law, the result would be the same. Section 52 is only a re-enactment of the well established rule, that an agent, in reference to the subject of the agency, must not put himself in a position which is adverse to that of his principal. As agent he can not contract with himself personally. He can not buy what he is employed to sell. If employed to procure a service to be done, he can not hire himself to do it. This doctrine is generally applicable to private agents and trustees, but to public officers it applies with greater force, and sound policy requires that there be no relaxation of its stringency in any case which comes within its reason.

It follows that the services rendered by the appellee were not rendered at the request of the city, or of an authorized agent who could employ the appellee. They were, therefore, voluntary services, and they conferred upon the city no value or benefit which could have been rejected, and by keeping which the city can be said, within the authorities on the subject, to have ratified the contract, and to be liable upon a *quantum meruit* or *quantum valebat.*

The judgment is reversed, with costs, and with instructions to grant a new trial.