No. 8484.

## McGregor v. City of Logansport.

City.—*City Judge.*—*Office Rent.*—*Void Contract.*— It is unlawful for any officer of a city to be a party to, or in any manner interested in, any contract or agreement with the city, whereby any liability or indebtedness may be incurred by the city. And the common council of a city can not make a valid contract with the city judge for the use of his office as a city court room.

From the Cass Superior Court.

*S. T. McConnell* and *T. J. Tuley,* for appellant.

*J. C. Nelson,* for appellee.

Woods, J.—The appellant was elected and served a term as city judge of the city of Logansport, under the act of March 12th, 1875. 1 R. S. 1876, p. 314. This action was brought to recover the rental value of the room occupied by the appellant as a city court room, it being averred that the room was in the possession of the appellant as lessee of another, and that the appellee, by a resolution of its common council, designated it as the place where the city court should be held, from which, as the appellant claims, there arose an implied promise on the part of the appellee to pay him the reasonable value of the use and occupation.

By the 52d section of the act concerning cities, 1 R. S. 1876, p. 288, it is provided that "No member of the common council, or other officer of such city shall, either directly or indirectly, be a party to or in any manner interested in any contract or agreement with such city for any matter, cause or thing by which any liability or indebtedness is in any way or manner created against such city ; and if any contract should be made in contravention of the foregoing provisions, the same shall be null and void."

The specific ruling of which the appellant complains is the refusal of the court to admit in evidence the record of the proceedings of the common council, and certain parol evidence in support thereof, for the purpose of showing the adoption

of the resolution whereby the appellant's room was designated as the city court room. There was no error in the ruling; because, conceding without deciding, that it was within the power and duty of the common council of the city to provide a court room at the expense of the city, it was not competent for the council to enter into a contract for the room with the appellant, who was at the time an officer of the city. *City of Fort Wayne* v. *Rosenthal,* 75 Ind. 156.

Judgment affirmed, with costs.