Alexander *et al. v.* Johnson.

Filed February 20, 1896.

No. 17,610.

ALEXANDER ET AL. *v.* JOHNSON.

EVIDENCE.—*Admission of Proceedings of Board of School Trustees. —Parol Testimony.—Appellate Procedure.*—A party cannot object to the admission of the proceedings of a board of school trustees because it is merely signed by the secretary, where he has objected to the admission of parol testimony of the contents thereof on the ground that the record is the best evidence.

SAME.—*Competency.—Discretion of Trial Court.*—Whether the record of the transactions of a board of school trustees, signed merely by the secretary, is sufficient to show the making of an alleged illegal contract, is to be determined by the trial court.

INJUNCTION.—*Illegal Contract.—Board of School Trustees.*—That the execution of an illegal contract by a board of school trustees for the payment of money to one of its members would constitute a cause of action upon the bond of such member, does not afford an adequate remedy at law, so as to defeat an action by a taxpayer to enjoin the threatened execution of such contract.

SAME.—*Taxpayer, Who is.—Suit to Enjoin Misapplication of Public Funds.*—An owner of property which has been entered for taxation, who is liable to pay the taxes thereon as soon as they are collectible by law, is a taxpayer of a town within the meaning of the statutes permitting an action by a taxpayer to enjoin the misapplication of public funds, although he has not resided long enough in the town to actually pay taxes.

SAME.— *Illegal Contract.—Public Funds.— Board of School Trustees.—When Action Will Lie.*—An action by a taxpayer to enjoin the board of school trustees from executing an illegal contract, providing for the paying out of public funds contrary to law, will lie as soon as the steps necessary to the consummation of such illegal purpose have been taken; and it is not necessary to wait until the board is disbursing the money.

From the Washington Circuit Court.

*Allspaugh & Lawler,* for appellants.

*Elliott & Hostetter,* for appellee.

HOWARD, C. J.—From the special finding of the facts by the court, it appears that at the institution of this suit by appellee for an injunction against appellants, the appellee was a resident tax payer of the town of Salem, in Washington county; and that the appellants were the school trustees of said town. It further appears that at a meeting of said school trustees, held November 8, 1894, the board, after the transaction of its business, "adjourned until November 12, 1894, for the purpose of considering bids for furnishing coal for use in the schools of said town;" that the board met pursuant to adjournment, and received the bids for coal; that one bid was that of Johnson Bros., of which firm appellee was a member, in which bid said firm offered to furnish coal for $3.65 per ton; another bid was by one L. W. Sinclair, for $4 per ton; and a third was by William R. Alexander, one of the appellants, also for $4 per ton; that two of the trustees, being a majority of the board, and one of them being Alexander himself, voted to accept Alexander's bid, and the contract was awarded to him; that said acts and facts were duly entered of record upon the minute book of said school board, and not rescinded.

From the facts found, the court concluded that an

injunction should issue, as prayed for, forbidding the school board from purchasing or paying for coal from Alexander while he is a member of the board. Judgment was entered accordingly.

The contract, if entered into, would be void, as counsel admit, both as against public policy, and also as against the letter of the statute, which makes such a contract between an official and himself as an individual, a felony. Section 2136, R. S. 1894, (section 2049, R. S. 1881); *Wingate* v. *Harrison Tp.*, 59 Ind. 520; *Case* v. *Johnson*, 91 Ind. 477; *Benton* v. *Hamilton*, 110 Ind. 294.

But, say counsel, the contract was not consummated; the findings do not show that the board was threatening to consummate it, or to pay any money on it to Alexander; the finding that appellee was a tax payer is not supported by the evidence; and even if the contract should be carried out, the tax payers had a remedy at law by suing Alexander on his official bond.

Appellee was the owner of property which had been entered for taxation, and he was liable to pay the taxes thereon as soon as taxes were collectible by law. He was a taxpayer in the sense in which the word is used in the statutes. That he had not yet resided long enough in the town to have actually paid taxes can make no difference. He was liable for taxes, and had a right to bring the suit for injunction against a misappropriation of the public moneys.

That the board was threatening to pay out the public funds contrary to law, and that it was about to do so, sufficiently appear from the facts found. All the steps had been taken for that purpose. It was not necessary to wait until the moment when the board should be in the act of handing out the money.

We do not think that a suit on the trustee's bond

would have been an adequate remedy in this case. The law for the protection of the public funds would have been violated, and the funds themselves illegally diminished; there might be no recovery on the bond, even if judgment should be obtained. It is true, as said in *Watson* v. *Sutherland,* 5 Wall. 74, cited in *Thatcher* v. *Humble,* 67 Ind. 444, that, " 'If the remedy at law is sufficient, equity cannot give relief, but it is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity.' " See also *Middleton* v. *Greeson, Tr.,* 106 Ind. 18; *Bishop* v. *Moorman,* 98 Ind. 1; *Harney* v. *Indianapolis, etc., R. R. Co.,* 32 Ind. 247; *Board, etc.,* v. *Markle,* 46 Ind. 103.

It is urged that the record of the transactions of the board of school trustees in relation to the contract for coal was insufficient, inasmuch as it was merely signed by the secretary; and that it should not, therefore, have been admitted in evidence. That it was a record of the proceedings of the board is not denied. Whether it was sufficient for the purposes for which it was introduced in evidence was for the trial court to determine. In any event, appellants are in no position to deny its sufficiency. Appellee offered to prove the facts as to the proceedings of the board by the testimony of the secretary; but counsel for appellants objected, for the reason that the record was the best evidence. We think counsel were right in this, and that the record as introduced was sufficient.

Other alleged errors we do not think need be considered. The complaint was good, and the findings were sufficient and were supported by the evidence.

The judgment is affirmed.

Filed November 1, 1895; petition for rehearing overruled February 20, 1896.