## John F. Sloan v. The City of Peoria.

1. SALARIES—*Shall Not be Increased or Diminished During Term of Office.*—Where an ordinance creating the office of health commissioner defined his duties and fixed his compensation, such officer can not receive extra compensation for services which fall within those prescribed as his duties. If the performance of such services is not included in his duties as health commissioner, he can not employ himself to perform them under the authority given by the ordinance to provide suitable medical and other attendance for persons not able to pay, at the expense of the city, as he is, within the scope of his authority, the agent of the city, and can not in his official capacity hire himself as a physician to render services for his principal.

Assumpsit, for professional services. Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

SHEEN & MILLER, attorneys for appellant; EDWARD S. McCABE, of counsel.

HENRY MANSFIELD, attorney for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Appellant was plaintiff in an action of assumpsit in the

court below and sought to recover for professional services rendered by him as a physician in caring for small-pox patients which the appellee, the City of Peoria, had taken in charge. A special count and the common counts were filed, and the court sustained a demurrer to the special count. Thereupon appellant amended the special count and a demurrer was sustained to it as amended. Appellant then withdrew the common counts and abided by his amended declaration. Whereupon the court entered judgment in bar and for costs against appellant. The question is, does the amended declaration state a cause of action. We hold that it does not.

The amended declaration alleges that appellant was a licensed physician in Peoria, Illinois, in regular practice, and was duly appointed by the City of Peoria, the appellee, as health commissioner on June 18, 1901; that appellee then had charge of, and was assuming to care for, forty persons afflicted with a contagious disease called small-pox; that it was the duty of said city to provide proper medical care and attendance for said small-pox patients, and for all other such patients that said city might for the health and sanitary protection of said city take charge of or assume to care for. Plaintiff avers that he performed all the duties of his said office, and in addition thereto, and in pursuance of the custom of said city to allow such officer to furnish suitable medical attendance for such patients, by giving them his own personal medical services at the usual and customary charges by physicians for that class of cases, plaintiff gave said patients suitable medical attendance, and said persons were indigent and unable to pay for the same, whereby the defendant became liable to pay plaintiff for his said medical services, their reasonable value, in like manner as had been allowed his predecessor for like services; that the services so performed by him were no part of his duties as commissioner of health of said city and the same had been at all times recognized by it, as they were in fact extra services to be paid for by the said city, as provided in and by an ordinance of said city; that plaintiff

was, on, to wit, the 18th day of June, 1901, so appointed said health commissioner as required by its said ordinance, as successor to Doctor F. C. Borscheit, to perform all the duties previously performed by him upon the same terms and compensation as he, the said doctor F. C. Borscheit, had been paid; that said Doctor F. C. Borscheit up to that time had been paid a reasonable and usual price for his services in caring for said small-pox patients. And on said day plaintiff entered upon the discharge of his said duties of office and employment and performed the same until, to wit, August 19, 1901, when there was due plaintiff for medical services by him so rendered to small-pox patients, in and under the care of said defendant, the sum of $400; the same being the reasonable value of such services so performed by plaintiff for said city in that behalf outside of his regular duties as health commissioner aforesaid.

That a valid ordinance of said city was in force during the time herein specified, which, among other things, provided that there is created the office of commissioner of health, who shall be chief executive of said health department, and shall have the management of all matters and things pertaining thereto. He shall have and exercise a general supervision over the sanitary condition of the city. He shall provide suitable medical and other attendance for persons having contagious, infectious and pestilential diseases under care of said city, such persons at the expense of the person infected, if able to pay the same, and if not, at the expense of the city.

That on, to wit, the day last aforesaid, plaintiff presented his account of his said extra services, outside of the duties of his said office as health commissioner, aforesaid, together with his reasonable charges therefor, to said defendant, in, to wit, the sum of $400, and it, the said defendant, by its council, thereupon, on, to wit, the third day of September, 1901, ratified and approved of the performance aforesaid by plaintiff of said extra services, and by a majority of twelve to four, yea and nay vote of the members of said council,

approved of said account, and ratified plaintiff's said employment, and ordered the said bill in said amount to be paid to plaintiff, the same being for the care of, to wit, 130 small-pox patients in said city from June 19 to August 19, 1901, in the sum of $400. That afterward the mayor of said city, without right or authority so to do, refused to sign a warrant for said bill, for said services, and assumed the right to veto said account and said bill so allowed by said city council; that after said August 19, 1901, plaintiff continued in the discharge of his said duties as health commissioner, and employe of said city in caring for small-pox patients as aforesaid, then and there being taken charge of and cared for by said city; and in the discharge of his duties as employe as aforesaid in caring for small-pox patients from August 19th, to wit, the 13th day of September, 1901, performed other further services of the reasonable value of $100, in like manner as theretofore, outside of his official duties aforesaid; and thereupon, on, to wit, the 13th day of November, 1901, presented a further account for the sum of $100 to said defendant therefor; that to avoid litigation with defendant, and as a compromise of his said claims for extra services aforesaid, plaintiff offered to accept in full for said claims, if paid at once, the sum of $350; that thereupon said defendant, by its council, by a yea and nay majority of ten to six of its members, allowed said amount of $350 to plaintiff for his said services; but the mayor of said city again, without right or authority, assumed to refuse payment of said bill of account, for said services, or to allow payment thereof, whereby there became and was due plaintiff for his said services, outside of his duties as health commissioner, the reasonable value thereof, to wit, the sum of $500, which said city in consideration of said premises, promised to pay, etc.

The ordinance creating the office of health commissioner defined his duties and fixed his compensation. Both the constitution and the statute of the state provide that the compensation shall be neither increased nor diminished during his term. The payment of the demand for which this

suit was brought would be a virtual increase of such compensation in violation of the constitution and statute.

The ordinance provides:

"The commissioner of health upon the consent of the board of health shall, when he deems it advisable, cause any person within the city having any contagious, infectious or pestilential disease, to be removed to the pest-house hospital or to some other safe and proper place where danger from contagion will be avoided, and shall provide suitable medical and other attendance for such person at the expense of the person infected, if able to pay the same, and if not, at the expense of the city."

If the services for which extra compensation is here sought fell within those prescribed as his duties then the fixed compensation was all he could receive for the same. If they were not included in his duties as health commissioner and the patients were not able to pay therefor then the ordinance provided that he should procure them at the expense of the city. This does not mean that he shall hire himself. He was a public officer of the city. He was, within the scope of his authority, the agent of the city. He could not in his official capacity hire himself as a physician to render services for his principal, the city. He could not be the employe and agent of the employer. He was as completely incapacited to employ himself to render the alleged extra services as the mayor or an alderman of the city would be to contract with the city through its council to supply the municipality with coal, light, water or any other necessity or article of merchandise.

The relation of the parties was such that though the services were extras and were rendered by appellant, the city did not become liable to pay for them. Such being the case, the vote of the city council to pay the demand did not create a cause of action. The mayor was not only justified in vetoing such action of the city council, but it was his manifest duty to do so. There is the further technical objection to the amended declaration that it contains no averment of a necessary appropriation for the payment of the services, if a cause of action otherwise existed.

The averment that appellant's predecessor was paid for like services is immaterial. The fact that such a claim may have been illegally paid, gives the appellant no right to a repetition of the wrong against the city. We hold that the amended declaration fails to state a cause of action. The demurrer was properly sustained.

The judgment of the Circuit Court is affirmed.