## CITY OF GREENFIELD *v.* BLACK.

[No. 5,945.  Filed November 26, 1907.  Rehearing denied March 13, 1908.  Transfer denied December 17, 1908.]

1. MUNICIPAL CORPORATIONS.—*Secretary of City Board of Health.—Contracts with City.*—The secretary of a city board of health is a city officer within the meaning of §3539 Burns 1901, §3104 R. S. 1881, inhibiting city officers from being parties to contracts with such cities.  p. 647.

2. CONTRACTS.—*Express.—Implied.—Municipal Corporations.—Officers.*—The statute (§3539 Burns 1901, §3104 R. S. 1881), making void all contracts between cities and their officers, applies to all contracts—express and implied.  p. 647.

3. SAME.—*City Officers with City.—Statutes.—Emergencies.—Exceptions.*—A contract between a city and the secretary of the city board of health to care for a smallpox epidemic cannot be sustained on the ground that such an emergency existed as would constitute an exception to the statute (§3539 Burns 1901, §3104 R. S. 1881, rendering void all contracts between cities and their officers), where it appeared that there were other physicians who might have been obtained.  p. 648.

4. MUNICIPAL CORPORATIONS.—*Preservation of Health.—Contracts.*—Municipal corporations have authority to take the necessary steps to prevent epidemics, but in order to contract with one of their officers therefor it must be shown that an urgent necessity exists.  p. 648.

5. SAME.—*Epidemics.—Poor Persons.*—It is the duty of cities to provide medicines and medical and other assistance to the poor in cases of epidemics.  p. 649.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by John P. Black against the City of Greenfield. From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Eugene H. Bundy* and *William C. Welborn,* for appellant. *M. E. Forkner* and *William W. Cook,* for appellee.

WATSON, P. J.—Appellee, a resident of the city of Green-field, and secretary of the board of health thereof, sued said city for compensation for services alleged to have been rendered by virtue of a contract with said city during an epidemic of smallpox in the year 1902.

The complaint is in three paragraphs. The first alleges, in substance, that appellee is, and was at the time, a legally licensed physician; that an epidemic of smallpox broke out in said city during the year 1902; that the common council, being duly authorized, contracted with appellee to treat and prescribe for all persons infected with, or exposed to, said disease, at the rate of $20 per day; that appellee performed such services for a period of seventy-one days, for which he demanded judgment in the sum of $1,420.

The second paragraph avers, in substance, the same facts, also alleging that appellee's services were reasonably worth $20 per day, instead of averring that the agreed compensation was $20 per day.

The third paragraph avers that said epidemic broke out in said city on October 20, 1902; that there was no hospital or other place where persons infected with said disease could be treated; that, for the protection of the inhabitants of the city, and for the preservation of the lives and health of those infected, it was very urgent that persons so infected should have proper medical treatment; that the ordinary physicians of said city would not undertake such treatment, and that persons infected were wholly without medical aid, unless the city authorities provided it; that appellee was secretary of the board of health of said city, but was not required to take upon himself the treatment of such persons; that the mayor and common council requested appellee to attend such persons; that, by reason of the request, he did so treat such persons for a period of seventy-one days; that his services were worth $20 per day; that no part of said sum has been paid, and the persons treated are unable to pay the same. Judgment was asked in the sum of $2,000.

Appellant answered: (1) General denial; (2) that at the time of rendering such services appellee was the regularly elected and acting secretary of the city board of health, therefore the alleged contract was void; (3) payment. There was a trial by jury and a verdict for appellee in the sum of $850. Motion for a new trial was made, overruled, and judgment on the verdict rendered. The only error assigned is the overruling of the motion for a new trial. One of the reasons assigned for a new trial is that the verdict is contrary to law.

It is shown by the answer, and by the proof as well, that appellee was, at and during all the time the services were rendered for which this action is brought, the health officer of the city of Greenfield. By §3539 Burns 1901, §3104 R. S. 1881, it is provided: ''No member of the common council or other officer of such city shall, either directly or indirectly, be a party to or in any manner interested in any contract or agreement with such city for any matter, cause, or thing by which any liability or indebtedness is in any way or manner created against such city; and if any contract should be made in contravention of the foregoing provisions, the same shall be null and void.'' There can be no doubt that the appellee is an officer of the city within the meaning of the statute just quoted. · *City of Ft. Wayne* v. *Rosenthal* (1881), 75 Ind. 156, 161, 39 Am. Rep. 127.

The statute not only prohibits the making of contracts such as that in issue, but it provides that if made the same shall be void. It·applies to all contracts, both express and implied. *City of Brazil* v. *McBride* (1879), 69 Ind. 244, 250; *City of Ft. Wayne* v. *Rosenthal, supra; McGregor* v. *City of Logansport* (1881), 79 Ind. 166; *Case* v. *Johnson* (1883), 91 Ind. 477; ·*Waymire* v. *Powell* (1886), 105 Ind. 328, 331, 332; *Sloan* v. *City of Peoria* (1903), 106 Ill. App. 151.

But appellee contends that there was such an emergency

in this case that it created an exception to the statutory prohibition. In the case of *Eastman* v. *State* (1887), 109 Ind. 278, 58 Am. Rep. 400, the court lays down the test for determining when such an emergency exists. It said: "There are, perhaps, extreme cases where exceptions may be created by the courts, but these cases are very rare, and the authority to create exceptions is one to be exercised with great delicacy. It can never be exercised where the words of the statute are free from ambiguity and its purpose plain. It is only where the necessity is imperious, and where absurd or manifestly unjust consequences would otherwise certainly result, that the courts can create exceptions."

This case is similar to the case of *City of Ft. Wayne* v. *Rosenthal, supra,* and in passing on the question of emergency in that case Judge Wood said: "The emergency, if it existed at all, was such as called for immediate and authoritative decision upon the case of each applicant. * * * The antagonism between the appellee's private interest and his public duty, it is manifest, was very great, and calculated to cast suspicion upon his discharge of duty, no matter how faithfully and conscientiously it was done. Let it be understood that such personal advantage may result to a member of the board, and suspicion not only attaches to his selection of those who may be served at public expense, but it extends to and taints the original decision and declaration of the board that an emergency existed which required the work to be done."

Whenever a duty devolves upon the authorities to supply medical treatment and attention, as in the cases where the public welfare must be protected or indigent patients are unable to procure such treatment or attention, the authorities are empowered to employ such medical assistance. But, in order to justify the employment of a physician, who is within the positive inhibition of a statute, there must exist such an actual emergency that it would be

manifestly unjust to delay action in order to comply with the strict requirements of such statute. And the right of recovery, under such circumstances, is not to be extended beyond the necessities of the actual emergency. *Board, etc.,* v. *Osburn* (1892), 4 Ind. App. 590; *Board, etc.,* v. *Lomax* (1892), 5 Ind. App. 567; *Board, etc.,* v. *Cole* (1894), 9 Ind. App. 474; *Board, etc.,* v. *Seaton* (1883), 90 Ind. 158; *Washburn* v. *Board, etc.* (1885), 104 Ind. 321, 54 Am. Rep. 332.

If the duties of appellee, as such health officer, required him only to examine into and determine whether patients were suffering from an epidemic, and if so to put them 5. and those about them under quarantine for the protection of the public, and the treating by him of such patients was not within the scope of his employment, then it would be the duty of the city authorities, if circumstances warranted it, to employ some one to care for and treat said patients, provided they were indigents.

The evidence shows that a number of physicians, who were not connected officially with the city administration, lived in said city, some of whom, doubtless, could have been employed to take charge of these patients; that, at least in one instance, appellee voluntarily took charge of patients when they were under the care of their family physician; that for the third time during the year 1902 an epidemic broke out in said city; that appellee went to the council chamber and notified the members of the council of the presence of the disease; that he was then and there employed to look after and care for these patients, after having made little or no effort to employ some one, not an officer of the city, to care for them. Taking the evidence as a whole, and tested by the cases cited, it fails to establish such a state of facts, as to the existence of an emergency for the employment of the appellee, as to justify a recovery.

The judgment of the trial court is, therefore, reversed, with directions to sustain appellant's motion for a new trial.