## Town of New Carlisle v. Tullar.

[No. 8,800.   Filed January 5, 1916.   Rehearing denied March 10, 1916.]

1. APPEAL.—*Transcript.*—*Certificate of Clerk.*—*Sufficiency.*—The certificate of the clerk to a transcript on appeal is sufficient if it substantially complies with §667 Burns 1914, Acts 1903 p. 338. p. 232.

2. APPEAL.—*Briefs.*—*Sufficiency.*—Briefs showing a good faith effort and substantial compliance with Rule 22 will be considered to the extent that the questions presented may be ascertained therefrom.   p. 232.

3. MUNICIPAL CORPORATIONS.—*Contracts with Officers.*—*Secretary of Board of Health.*—A contract between a board of town trustees and the secretary of the town's board of health, employing the latter to care for smallpox patients during an emergency, was not within the letter of §2423 Burns 1914, Acts 1905 p. 584, §517, making it a criminal offense for a public officer to enter into contracts wherein the State, county, township, town or city, in which he exercises official jurisdiction is concerned.   p. 234.

4. MUNICIPAL CORPORATIONS.—*Health Board.*—*Status of Secretary of Board.*—*Contract with Municipality.*—*Validity.*—Under §7605 Burns 1908, Acts 1891 p. 15, providing that "the trustees of each town * * * and the board of commissioners of each county shall constitute a board of health *ex officio*, for each town and county, respectively" and authorizing the selection of a secretary who shall be the executive officer of the board and receive such salary as the board electing him may determine, such secretary was the one upon whom responsibility rested in determining when the necessity for action arose and the character and extent of means employed in preventing the spread of contagious diseases and caring for indigent patients, and such officer of a town board of health

was an officer of the municipality for the purpose of discharging the duties devolving upon him, with power to incur indebtedness against the municipality in certain contingencies; hence a contract between a board of town trustees and the secretary of its board of health, whereby he was specially employed to care for smallpox patients was void as against public policy, and, even if entered into prior to his appointment as secretary of the board of health, it could not, for reasons of public policy, be enforced as to services rendered while he was such health officer. pp. 234, 236.

5. OFFICERS.—*Contracts.—Validity.—Public Policy.*—A contract entered into by a public officer, the execution of which may make it possible for his personal interests to become antagonistic to his faithful discharge of public duty, is void as being against public policy. p. 236.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Arthur G. Tullar against the Town of New Carlisle. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Hubbell, McInerny, McInerny & Yeagley,* for appellant.

*Anderson, Parker, Crabhill & Crumpacker,* for appellee.

FELT, J.—Suit by appellee against appellant to recover for certain professional services rendered and for medicines furnished in treating certain persons afflicted with smallpox in the town of New Carlisle, in pursuance of an alleged contract with appellant. Issues were formed on a complaint in one paragraph and an answer in five paragraphs. From a judgment in favor of appellee for $362.22, appellant has appealed. The errors assigned and relied on for reversal are (1) the overruling of appellant's demurrer to the complaint; (2) overruling appellant's motion for judgment on the answers of the jury to the interrogatories; (3) overruling the motion for a new trial.

Appellee contends that no question is presented for decision because of the insufficiency of the clerk's

1. certificate to the transcript and also that the briefs are insufficient to present certain questions mentioned by appellant. The certificate is somewhat meager but is in sub-
2. stantial compliance with the statute. §667 Burns 1914, Acts 1903 p. 338. By a liberal construction, the briefs may be held to show a good faith effort, and a substantial compliance with the rules of the court, though the provisions of clause 5, Rule 22, have not been fully complied with. To the extent the questions may be ascertained from the briefs, they will be considered.

The complaint in substance shows that in February, 1907, the trustees of the town of New Carlisle, constituted *ex officio* the board of health of said town; that on said day certain occupants of a hotel in said town were stricken with smallpox, a dangerous and communicable disease; that on that day the town board of health employed appellee, who was a duly licensed and practicing physician of St. Joseph County, Indiana, to take charge of said afflicted persons and render them such medical services as were necessary; that in pursuance of such employment, appellee rendered the necessary services and furnished medicine, all of the value of $523.70, an itemized account of which was filed with the complaint showing the services rendered from March 1 to March 28, 1907, inclusive; that appellee presented an itemized account of his bill to appellant and demanded payment which was refused. The complaint was answered by a general denial; a plea of payment; a plea of compromise, settlement and tender of $50; also by an amended fourth paragraph in which it was averred in substance that, on February 28, 1907, appellant appointed appellee as its health officer at a salary of $15 per year; that he then accepted the appoint-

ment, entered upon a discharge of his duties and agreed to serve at the salary of $15 per year; that at the time he rendered the services for which he seeks to recover he was such health officer and thereafter accepted payment from appellant in full for such services in accordance with his contract of employment. The fifth paragraph is substantially the same as the fourth but goes more into detail and shows that appellee's appointment was duly made by the town board when in session and was duly recorded in the record of the proceedings of February 28, 1907. To the affirmative answers, replies in general denial were filed.

In answer to interrogatories, the jury found the facts substantially as alleged in the fourth and fifth paragraphs of the answer. The answers also show that appellee knew when he accepted the appointment as health officer that he, as such officer, was to care for and doctor persons in said town afflicted with contagious diseases; that appellant agreed to pay appellee for services rendered in doctoring smallpox patients of said town during the month of March, 1907, more than the $15 paid its health officer, but made no record of such employment, which was made by one of its members, a Mr. Davis.

Appellee contends that he was first employed as a physician to treat the smallpox patients and that later in the same day he was appointed to and accepted the position of health officer of the town. Appellant contends that there was no employment of appellee by the board to treat the patients and that at most there was only some talk by the individual members of the town board on the street when the board was not in session. It is not, however, denied that appellee held the position of health officer during the month of March when all the services for which he seeks to recover

were performed. Numerous propositions are discussed in the briefs but our conclusion as to the effect of appellee's holding the position of secretary of the board of health during the time the services were rendered, for which he seeks to recover, makes it unnecessary to consider the other questions.

It is claimed by appellant that appellee was an officer of the town of New Carlisle and that conceding that he was employed by the town board as a physician to treat smallpox patients at the expense of the municipality, such contract is invalid for two reasons, viz., (1) it is in violation of §2423 Burns 1914, Acts 1905 p. 584, §517, and, therefore, void; (2) such contract is void because, independent of the statute, it is against public policy. We do not think the alleged contract comes within the letter of the statute, but the contention that it is against public policy presents a more serious question. The act of 1891, §7605 Burns 1908, Acts 1891 p. 15, in force in 1907, provides that: "The trustees of each town * * * and the board of commissioners of each county shall constitute a board of health, *ex officio* for each town and county, respectively, of the State, whose duty it shall be to protect the public health, by the removal of causes of diseases, when known, and in all cases to take prompt action to arrest the spread of contagious diseases * * *. They shall annually * * * elect a secretary, who shall be the executive officer of the board. * * * He shall receive such compensation from the town * * * as the board electing him may determine." By the provision of the statute, the secretary is made the executive officer of the board of health and by his professional skill he is the one upon whom the responsibility rests in determining when the necessity for action arises and the character and extent

of the means to be employed in preventing the spread of contagious diseases and in caring for and treating indigent patients. He not only acts for the board, but for the municipality, and in certain emergencies has the power to incur indebtedness against such municipality in the absence of express authority of the board of health. He has been held to be an officer of the municipality for the purpose of discharging the duties which devolve upon him in his official capacity. *City of Fort Wayne* v. *Rosenthal* (1881), 75 Ind. 156, 161, 39 Am. Rep. 127; *City of Greenfield* v. *Black* (1908), 42 Ind. App. 645, 647, 82 N. E. 797; *Town of Knightstown* v. *Homer* (1905), 36 Ind. App. 139, 142, 148, 75 N. E. 13. It is apparent that the secretary of a board of health in his official capacity owes high and important duties to the public. His responsibility not only involves the health and sanitary conditions of the citizens generally but in determining when it is necessary to act and the nature and extent of the measures to be employed he necessarily determines questions which reach and affect the public treasury. When measures have been taken and treatment given at the expense of the public, he is charged with general supervision and must likewise determine when such measures or treatment may safely be discontinued. What was said of a member of the board of health in *City of Fort Wayne* v. *Rosenthal, supra*, 160, is applicable here. "The antagonism between the appellee's private interest and his public duty, it is manifest, was very great, and calculated to cast suspicion upon his discharge of duty, no matter how faithfully and conscientiously it was done. Let it be understood that such personal advantage may result to a member of a board, and suspicion not only attaches to his selection of those who may be served at public expense, but it extends

to and taints the original decision and declaration of the board, that an emergency existed which required the work to be done." Further on, in the same opinion in deciding whether the question was controlled by the statute, the court said: "But if this were not so, and the case were to be determined by the general principles of law, the result would be the same. Section 52 is only a reënactment of the well established rule, that an agent, in reference to the subject of the agency, must not put himself in a position which is adverse to that of his principal. As agent he can not contract with himself personally. He can not buy what he is employed to sell. If employed to procure a service to be done, he can not hire himself to do it. This doctrine is generally applicable to private agents and trustees, but to public officers it applies with greater force, and sound policy requires that there be no relaxation of its stringency in any case which comes within its reason."

Whenever a public officer enters into a contract, the execution of which may make it possible for his personal interests to become antagonistic to his faithful discharge of public duty, such contract is held void on the ground that it is against public policy. In considering this question in a case where a duly appointed superintendent of the construction of a free gravel road sought to recover for labor performed for the contractor, our Supreme Court said: "There is a class of contracts, entered into by officers and agents of the public, which naturally tends to induce the officer, or agent, to become remiss in his duty to the public, that the courts unhesitatingly pronounces illegal and void as being contrary to public policy. * * *. 'It is a well established and salutary doctrine', says a distinguished author, 'that he who is

entrusted with the business of others can not be
allowed to make such business an object of pecuniary
profit to himself. This rule does not depend on
reasoning technical in its character, and is not local
in its application. It is based on principles of rea-
son, of morality, and of public policy. It has its
foundation in the very constitution of our nature, for
it has authoritatively been declared that a man can
not serve two masters, and is recognized and
enforced wherever a well regulated system of juris-
prudence prevails'. 1 Dillon, Mun. Corp. (4th ed.)
§444. The principle is stated in 1 Clark & Skyles,
Agency §39 (e) as follows: 'Any contract of agency
by a public officer by which he binds himself to
violate his duty to the public, or which places him
in a position which is inconsistent with his duty to
the public and has a tendency to induce him to
violate such duty, is clearly illegal and void'.
Greenhood, Public Policy 337, states the doctrine
thus: 'Any contract by one acting in a public
capacity, which restricts the free exercise of a
discretion vested in him 'for the public good, is
void'. See, also, page 337 quoted approvingly in
*Brown* v. *First Nat. Bank* (1894), 137 Ind. 655,
667 [37 N. E. 158], 24 L. R. A. 206. * * *
Influence is a subtle agent. It is often potential
when its presence is unsuspected." *Cheney* v.
*Unroe* (1906), 166 Ind. 550, 553, 77 N. E. 1041, 117
Am. St. 391. In *Waymire* v. *Powell* (1886), 105
Ind. 328, 332, 4 N. E. 886, our Supreme Court by
Mitchell, J., said: "Where public officers are
authorized by law to employ others to perform serv-
ices for the municipality of which they are officers,
public policy forbids that they should employ one
of their own number. It is of no consequence that
no injury, or that an actual benefit, has resulted
from such employment. The law will not permit

public servants to place themselves in a situation
where they may be tempted to do wrong, and this
it accomplishes by holding all such employments,
whether made directly or indirectly, utterly void.
*People* v. *Township Board* [1863], 11 Mich. 222;
*Kinyon* v. *Duchene* [1870], 21 Mich. 498."

The services for which a recovery was allowed in
this case continued throughout the month of
March.   Appellee's duties as health officer were
continuous throughout that time.   The determina-
tion of the necessity for the continuation of the
services at the expense of the municipality during
that time was a question that devolved upon him in
his official capacity, whether he acted honestly and
in good faith is not material to the question under
consideration.   The question depends not upon what
was actually done under the contract but upon what
was made possible thereby.   Recovery for such con-
tinued services can not be sustained on the ground
of emergency.   Cases dealing with emergency have
been duly considered but are not of controlling
weight here, though they have application to many
situations which arise in relation to public health.
The principle of public policy is involved and we,
therefore, hold that the alleged contract under'
which the services were rendered is void if entered
into after appellee accepted the position of health
officer and that, if entered into before he became
such health officer and the services were rendered
while he was such officer, the contract was thereby
rendered invalid and its enforcement would be against
public policy.   Whether the contract was entered
into shortly before, at the time, or after appellee's
appointment as secretary of the board of health, is
not material, for it is not disputed that he rendered
the services while acting in his official capacity as
health officer.   As supporting our conclusion we

cite the following authorities which sustain the principle involved and illustrate its application. *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 513, 99 N. E. 102; *Noble* v. *Davison* (1912), 177 Ind. 19, 28, 96 N. E. 325; *City of Greenfield* v. *Black* (1908), 42 Ind. App. 645, 82 N. E. 797; *Alexander* v. *Johnson* (1896), 144 Ind. 82, 84, 41 N. E. 811; *United States* v. *Trans-Missouri, etc., Assn.* (1897), 166 U. S. 290, 17 Sup. Ct. 540, 41 L. Ed. 1007, 1027; *Williams* v. *Segur* (1886), 106 Ind. 368, 1 N. E. 707; *Wingate* v. *Harrison School Tp.* (1877), 59 Ind. 520, 524; *State, ex rel.* v. *Windle* (1901), 156 Ind. 648, 651, 59 N. E. 276; *Atlee* v. *Fink* (1881), 75 Mo. 100; 42 Am. Rep. 385; *Snipes* v. *City of Winston* (1900), 126 N. C. 374, 35 S. E. 610, 78 Am. St. 666; 2 McQuillin, Mun. Corp. §513; 9 Cyc 481, *et seq;* Greenhood, Public Policy 337; *City of Frankfort* v. *Irvin* (1904), 34 Ind. App. 280, 283, 72 N. E. 652, 107 Am. St. 179; *Monroe* v. *City of Bluffton* (1903), 31 Ind. App. 269, 67 N. E. 711.

The judgment is reversed with instructions to the lower court to sustain appellant's motion for judgment in its favor on the answers of the jury to the interrogatories.

NOTE.—Reported in 110 N. E. 1001. As to liability of municipality under executed contract in which municipal officer is interested, see Ann. Cas. 1912 D. 1132. See, also, under (1) 4 C. J. 450; 3 Cyc 108; (2) 3 C. J. 1407; 2 Cyc 1013; (3) 28 Cyc 480; (4) 28 Cyc 650; (5) 9 Cyc 485; 29 Cyc 1435.