## MARION TOWNSHIP OF BOONE COUNTY, INDIANA, *v.* HOWARD.

[No. 24,205.   Filed April 30, 1925.]

1.  TOWNSHIPS.—*Part of act of 1915 (Acts 1915 p. 131, §12066 Burns 1926, §9593 Burns' Supp. 1921) regulating expenses of township trustees repealed by Acts 1917 p. 602, §4, §12051 Burns 1926, §9589j Burns' Supp. 1921.*—All that part of §4 of the act of 1915 concerning township business (§9593 Burns' Supp. 1921, *supra*), pertaining to clerk hire, office rent and expenses in transacting the official business of the township, was repealed by §4 of the act classifying townships (§12051 Burns 1926, §9589j Burns' Supp. 1921, Acts 1917 p. 602). p. 170.

2.  TOWNSHIPS.—*Advisory board required to appropriate office rent for trustee.*—The township advisory board is required to appropriate money, not exceeding the amount allowed by law, for the purpose of paying office rent for the township trustee. p. 170.

3.  TOWNSHIPS.—*Advisory board's approval of trustee's unlawful expenditure of public funds does not validate it.*—The township advisory board is merely an administrative body, and its approval of an unlawful expenditure of public funds by the trustee does not give such expenditure the approval of the law. p. 170.

4.  STATUTES.—*Section 2630 Burns 1926, §2423 Burns 1914, making it a felony for a public officer to be interested in contracts executed by him, should be strictly construed.*—Section 2630 Burns 1926, §2423 Burns 1914, Acts 1905 p. 584, §517, making it unlawful for public officers to be interested in contracts made by them pertaining to the duties of their offices, declares that a violation of the statute constitutes a felony, and, therefore, requires a strict construction.   p. 171.

5. CONTRACTS.—*Contracts prohibited by statute will be declared void.*—Contracts of a public character will be declared void when prohibited by statute. p. 171.

6. TOWNSHIPS.—*Payment of office rent to himself by township trustee when no office available in township not violation of* §*2630 Burns 1926,* §*2423 Burns 1914.*—Section 2630 Burns 1926, §2423 Burns 1914, making it a felony for public officers to be interested in public contracts made by them, does not apply to the payment to himself by a trustee of a township the eighth class of rent for the use of a room in his residence as an office for the transaction of the township's business where there is no other suitable room available in the township which could be had for the amount appropriated for that purpose, which was limited by statute (§12051 Burns 1926, §9589j Burns' Supp. 1921) to $90 a year. p. 172.

7. OFFICERS.—*Public policy forbids public officers from being interested in public contracts.*—The public policy of this state forbids public officers from becoming individually interested, either directly or indirectly, in public contracts relating to the business of their offices. p. 172.

8. STATUTES.—*Courts may engraft exception on statute to avoid absurdity or unjust consequences.*—Where, because of ambiguity in a statute, its application to particular facts would be extremely absurd or result in manifestly unjust consequences, the courts are authorized to engraft an exception on the statute. p. 172.

9. TOWNSHIPS.—*Township trustee should have an office in his township.*—Section 4 of the act of 1917 (Acts 1917 p. 602, §12051 Burns 1926, §9589j Burns' Supp. 1921) concerning township officers indicates a legislative intention that each township trustee shall have an office in the township for the transaction of the township business, paid for by the township. p. 173.

10. TOWNSHIPS.—*Township trustee of eighth class may pay himself rent for an office in his residence under certain circumstances.*—A township trustee of the eighth class under §12051 Burns 1926, §9589j Burns' Supp. 1921, Acts 1917 p. 602, §4, may pay to himself the rent for the use of a room in his residence as an office when there is no other suitable room in the township available which can be had within the amount appropriated for that purpose. p. 174.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by Marion township of Boone county, Indiana, against Charles C. Howard.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for appellant.

*Ira M. Sharp,* for appellee.

MYERS, J.—This action was brought by the attorney-general pursuant to §1, Acts 1917 p. 347, §12660 Burns 1926, §7546j1 Burns' Supp. 1921, of the public accounting law, to recover from appellee $180.   The pleadings consisted of a complaint in one paragraph, an affirmative answer in two paragraphs, and a demurrer to the complaint and to each paragraph of answer for want of facts.   The trial court overruled the demurrer to the complaint and to the first paragraph of answer, and sustained the demurrer to the second paragraph.   This latter paragraph challenged the constitutionality of the law upon which this action was predicated.   Thereupon, appellant refused to reply or plead further, and judgment was rendered in favor of appellee for costs. The assignments of error and cross-errors challenge the foregoing rulings, but it is only essential to the decision of this case that we give attention to the single question:  May a trustee of a township of the seventh or eighth class in this state pay to himself individually rent for the use of a room in his residence as an office for the transaction of all official business of the township, when the advisory board of such township has appropriated money for that purpose and there is no other suitable room available in the township which can be had within the appropriation?

Appellee was the duly elected and acting trustee, for the years 1919 and 1920, of Marion township in Boone county, Indiana, classified by statute as a township of

the eighth class. Acts 1917 p. 602, §4, §12051 1-3. Burns 1926, §9589j Burns' Supp. 1921. This section of the statute repeals by implication all that part of §4, Acts 1915 p. 131, §12066 Burns 1926, §9593 Burns' Supp. 1921, pertaining to clerk hire, office rent and expenses in transacting the official business of the township, and, in so far as it is material at this time, provides that: "In all townships in the state, the township advisory board shall annually appropriate the amount of the estimate of the township trustee for the rent of an office for the trustee; Provided, that the amount so appropriated and allowed for office rent shall not exceed * * * in townships of the seventh class" $120 a year; "in townships of the eighth class," $90 a year; in townships of the ninth and tenth classes, each $60 a year, and the trustee of the two latter classes is allowed not exceeding that amount as rent for an office in his residence. Thus, it appears that the township advisory board is required to appropriate money, not exceeding the amount allowed by law, for the purpose of paying office rent for the township trustee. The proper and lawful expenditure of such appropriation is a duty resting upon the trustee. The mere fact that the advisory board had knowledge of the purpose of the trustee to pay himself rent for the use of a room in his residence as an office for the transaction of the business of the township is immaterial. The advisory board is an administrative body, and its approval of an unlawful expenditure of public funds by the trustee does not give such expenditure the sanction of the law. *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 99 N. E. 102.

In the instant case, there is no claim of irregularity or illegality in the proceedings, and no charge of fraud on the part of the trustee or advisory board, save and except a misappropriation by the trustee of the item included in the appropriation for rent. Appellee justi-

fies the rent payment to himself on the ground of necessity for an office in which to keep the books and papers of the township, and his inability to procure a room suitable for an office in any other place in his township. He further avers that the room so furnished by him was retained and used as an office for conducting the official business of the township, and that it was of the full rental value paid therefor.

There seems to be no statute expressly authorizing or expressly forbidding a trustee of a township of the seventh or eighth class to pay rent to himself for an office in his own dwelling for the use of the township. Appellant makes the point that mere authority to a trustee to pay office rent cannot be construed as authorizing payment to the officer for the use of his own property, which is forbidden by a positive statute and by public policy. In support of this contention, we are referred to Acts 1905 p. 584, §517, §2630 Burns 1926, §2423 Burns 1914, which, omitting all matters not material to this case, provides that any township trustee who shall, during the time he may occupy such office, be interested, directly or indirectly, in any contract for the construction of any school house, bridge, public building or work of any kind, erected or built for the use of any township in the state in which he exercises any official jurisdiction, or who shall bargain for or receive any percentage, drawback, premium, or profits or money whatever, on any contract, or for the letting of any contract, wherein any township is concerned, on conviction shall be fined and be imprisoned in the state prison. This statutory provision has been in force by re-enactments since December 21, 1872. Acts 1872 (Spec. Sess.) p. 26, §1, 2 R. S. 1876 p. 454, §2049 R. S. 1881. A contract within the prohibition of this statute is thereby made a felony and the rule of strict construction applies. The attorney-general is

depending, in a large measure, upon the foregoing statute, and has alleged facts showing a contract in violation thereof, which, if true, courts have no power to grant either legal or equitable relief. *Moss* v *Sugar Ridge Tp.* (1903), 161 Ind. 417, 426, 68 N. E. 896.

While it must be conceded that the law is well settled in this state that contracts of a public character, whether express or implied, will be declared void when prohibited by statute (*Wingate* v. *Harrison Tp.* [1877], 59 Ind. 520; *Case* v. *Johnson* [1883], 91 Ind. 477; *Noble* v. *Davison* [1911], 177 Ind. 19, 96 N. E. 325, 58 Am. Rep. 400), yet there is a marked distinction between cases in which an act is simply unauthorized, or an unauthorized act is done in an unauthorized manner, and one in which the thing is absolutely prohibited by a positive statute.

In this case, the answer of necessity for an office for the transaction of the official business, and for the keeping of the books and papers of the township, and 6-8. the inability of the trustee to obtain a suitable office room in the township for the money appropriated, presents a question which, in our opinion, is not within the class of contracts enumerated in §2630 Burns 1926, *supra*, and therefore appellee would not be subject to the penalty imposed by that statute. Generally speaking, it may be said that the general public policy of this state, as manifested by its legislation and the general trend of its court decisions, forbids officers of public corporations, such as counties and townships, from becoming individually interested, either directly or indirectly, in public contracts. Or, as said in the case of *Cheney* v. *Unroe* (1906), 166 Ind. 550, 552, 77 N. E. 1041, 117 Am. St. 391, it is that "class of contracts, entered into by officers and agents of the public, which naturally tends to induce the officer, or agent, to become remiss in his duty to the public, that the courts un-

hesitatingly pronounce illegal and void as being contrary to public policy." See, also, *Noble* .v. *Davison, supra,* p. 30, and cases there cited. However, the foregoing rules, apparently indelibly fixed, are not without exceptions which courts may enforce in extreme cases. We have already said that the showing made by appellee exonerates him from the rigor of the foregoing penal statute, but, if for any reason, our conclusion in this respect is erroneous, then it is because of some ambiguity in the statute, which, if true, and by its application to the particular facts extremely absurd or manifestly unjust consequences would necessarily result, then the courts would be authorized to meet such an emergency by engrafting upon the statute an exception. *McNay* v. *Town of Lowell* (1908), 41 Ind. App. 627, 84 N. E. 778; *City of Greenfield* v. *Black* (1907), 42 Ind. App. 645, 82 N. E. 797; *Eastman* v. *State* (1887), 109 Ind. 278, .10 N. E. 97, 58 Am. Rep. 400.

But, if there is no statutory mandate against the alleged rent payment, then there is no question in this case involving the authority of the court to declare an exception to the statute, and we so decide. Hence, we reach the proposition, Was the alleged payment of rent contrary to public policy? A township trustee is a public officer and §4 of the act, *supra,* indicates a legislative intention that he shall have an office in the township for the transaction of the township business. We judicially know that he has charge of many public records, documents and papers relative to his activities as a public official which are matters of public concern and which the public may seasonably demand the right to inspect. The legislature, acting upon its knowledge as to the probable rental value, and the opportunity of township trustees in the various classes of townships for securing an office in keeping

with the demands of the business of the township, suitable and convenient for the public thereof, fixed a maximum amount of rent that the trustee would be allowed to pay for the same, and directed the township advisory board to make an appropriation of money for that purpose upon the estimate of the trustee, thus evincing the further intention of furnishing an office at the expense of the township.

A fair consideration of the foregoing action of the legislature is in opposition to the thought that it intended that a trustee of a township other than townships of the ninth and tenth classes should furnish an office for the transaction of the township business and pay the rent for same out of his individual funds when the amount appropriated therefor was insufficient for that purpose, or that he must furnish an office in his own residence free of rent in case there is no available room suitable for office purposes in the township.

Under the foregoing circumstances appearing by the averments of appellee's first paragraph of answer, the rent payment in question was not prohibited by public policy, as declared and defined by the decisions of the courts of this state. The alleged act of rent payment by appellee, as trustee, to himself under the attendant conditions did not have a natural tendency to be injurious to the public, or against the public good, or to a remission of his duty toward the public, or as showing financial gain, or other preferment through fraudulent motives.

At this point, it may be well to say that we are not unmindful of the general rule that public policy forbids a public officer contracting with himself as an individual, nor does it approve of the payment of public funds to himself unless by statute expressly authorized so to do. But, in our opinion, the particular facts of the instant case take it without the

general rule as an exception thereto. Hence, the facts averred in the first paragraph of answer, to which a demurrer for want of facts was overruled, constituted a good defense to appellant's complaint, and the overruling of the demurrer to that answer was not error. Judgment affirmed.